CITY OF PRINCETON *v.* HANNA ET AL.

[No. 22,987.   Filed October 24, 1916.   Rehearing denied October 30, 1918.]

1. STATUTES.—*Validity.—Title.*—Section 90 of the act entitled "An act concerning municipal corporations" (Acts 1905 p. 219, §8639 *et seq.* Burns 1914) authorizing appeals by cities without bond is not violative of Art. 4, §19, of the Constitution, which declares that every act shall embrace but one subject and matters connected therewith, which subject shall be expressed in the title. p. 584.

2. STATUTES.—*Local Legislation.—Validity.*—Section 90 of the act concerning municipal corporations (Acts 1905 p. 219, §8639 *et seq.* Burns 1914) is not violative of Art. 4, §22, clause 3, of the Constitution, which forbids local or special laws regulating the practice in courts of justice, since the classification is reasonable. p. 584.

3. TIME.—*Computation.—Sunday.—Perfection of Appeal.—Filing Transcript.*—Although it was necessary for the appellant to file his transcript within sixty days from the ruling on a motion for new trial and the granting of the appeal, where the

sixtieth day was Sunday, the filing of the transcript on the sixty-first day was in time, under §1350 'Burns 1914, §1280 R. S. 1881. p. 585.

4. ADVERSE POSSESSION.—*Highways.*—*Encroachments.*—One encroaching on a highway dedicated to the public use acquires no rights by prescription or adverse user. p. 587.

5. STATUTES.—*Construction.*—*Vacation of Highways.*—The legis-. lative purpose in laws providing for the vacation of existing highways is public — and not private — use and convenience. p. 587.

6. MUNICIPAL CORPORATIONS. — *Highways.* — *Vacation.* — *Jurisdiction of Court.*—*Statutes.*—Under §§8908-8920 Burns 1914, Acts 1907 p. 617, relative to the vacation of plats and the disannexation of territory from cities and towns, etc., which authorizes a proceeding in the circuit court to vacate any street or part thereof and authorizing a remonstrance on the grounds that the public place sought to be vacated is necessary to the growth of the municipality, or that the proposed vacation will leave the remonstrants' property without a public way or will deprive the public of access to some church, school or other public building, does not confer on circuit courts jurisdiction of a proceeding to vacate a portion of a street longitudinally along either of its sides so as to narrow it and leave it open, since the last section provides that the act shall not repeal any existing law, and, in view of such section, the municipal authorities have exclusive power to narrow the width of a street under §267, Acts 1905 p. 219, §8961 Burns 1914, giving to every city, except as otherwise provided, exclusive power over its streets and the right to straighten, widen and alter the streets already laid out. pp. 588, 590.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Petition by Hugh Hanna, Jr., and others, against the city of Princeton. From a judgment for petitioners, the defendant appeals. *Reversed.*

*Henry Kister* and *D. R. Head,* for appellant.

*Claud A. Smith* and *T. Morton McDonald,* for appellees.

MORRIS, J.—Appellees, Thompson and Hanna, filed in the Gibson Circuit Court their petition to vacate a portion of Gibson street in appellant city, consisting of

a strip on the east side thereof four feet wide at one street intersection and twelve feet wide at another immediately south thereof. The city, which is one of the fifth class, remonstrated against the proposed change. A trial resulted in a finding and judgment for appellees. Appellant's motion for a new trial was overruled on September 22, 1915. An appeal to this court was prayed by appellant and granted, but no appeal bond was filed. The transcript was filed here on Monday, November 22, 1915.

Persons other than appellant and appellees were parties to the proceeding, but no notice of appeal issued to them. On May 17, 1916, appellees filed their motion to dismiss the appeal. Section 90 of the act of 1905, entitled "An Act concerning municipal corporations," provides that: "In all actions in which any city is entitled to pray an appeal, the same shall be granted as to such city without bond." Acts 1905 p. 219, §8692 Burns 1914. Appellant's motion to dismiss is predicated on: (1) The theory that the above statutory provision is unconstitutional because in contravention of §19, Art. 4, and §22, cl. 3, of the same article, of our state Constitution, and (2) that, if violative of neither constitutional inhibition, nevertheless the appeal must be deemed a vacation one, because, as claimed, the transcript was not filed within sixty days. §679 Burns 1914, §638 R. S. 1881.

We are of the opinion that the act of 1905 authorizing appeals, without bond, by cities, is not violative of

1. §19, Art. 4, supra, which declares that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. Nor is the statute in con-

2. travention of the constitutional provision (Art. 4, §22, cl. 3, supra), which forbids local or special

laws regulating the practice in courts of justice. *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232, 61 N. E. 197; *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 419, 105 N. E. 483. The classification here is reasonable.

While the transcript here was actually filed sixty-one days after the ruling on the motion for a new trial and the granting of the appeal, the sixtieth day fell

3. on Sunday. Section 849 of our Code of civil procedure (§1350 Burns 1914, §1280 R. S. 1881) provides that: "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." If it was necessary for appellant to file the transcript within sixty days, the filing was in due time under the provisions of §1350, *supra.* The motion to dismiss is overruled.

It appears from appellees' petition that the portion of Gibson street in controversy is a part of the original plat of the town of Princeton made in 1814 by one Evans as agent of Gibson county. The street, as platted, extends north and south, is sixty feet wide at the place in controversy, and is intersected by State and Broadway streets. Between the latter, on the east side thereof, appellees own lots on which are situated buildings located, in part, west of the east line of Gibson street. The petition avers that the street has never been used for travel to a width greater than forty-eight feet, and that the latter width is sufficient to accommodate public travel; that Gibson street extends south beyond the intersecting streets a distance of half a mile, where it is only forty-eight feet wide; that the city council of Princeton has ordered an improvement of Gibson street, that will, if consummated, require petitioners to remove their buildings out of the street at great expense.

The city filed a remonstrance in four paragraphs, the

first three including the statutory grounds found in §8911 Burns 1914, *post.* The fourth paragraph alleges that previous to the filing of appellees' petition the city had duly ordered the improvement of the street by constructing a combined curb and gutter; that when constructed, pursuant to the plans and specifications legally adopted by the city council, there will not be room for the construction of sidewalks for the traveling public if the proposed vacation be granted. This paragraph was ordered stricken out.

The petition was filed under the act of 1907, entitled "An Act concerning the vacation of plats of lands or any part thereof and for the disannexation of territory from the corporate limits of cities and towns." Acts 1907 p. 617, §§8908-8920 Burns 1914. Section 3 of the act (§8910 Burns 1914) authorizes a proceeding in the circuit court to vacate "any street * * * or part thereof" adjoining a lot or lots of a petitioner. Section 4 of the act (§8911 Burns 1914) authorizes remonstrances on three grounds only, viz.: (1) Because the public place sought to be vacated is necessary to the growth of the municipal corporation; (2) because the proposed vacation will leave a remonstrant's real estate without communication with a public way; (3) or because the proposed vacation will deprive the public's access to some church, school, or other public building or grounds.

It is earnestly contended by appellant that the circuit court was without jurisdiction of the subject-matter of the action; that the act of 1907, properly construed, confers no authority on circuit courts to adjudge the vacation of a portion of a street by making it narrower; but that, if such act be held as conferring such authority, the same must be held unconstitutional and void.

The municipal corporations act of 1905, Acts 1905 p. 219, §8639 *et seq.* Burns 1914, revised our statutory

laws relating to cities and towns. Section 266 of this act (§8960 Burns 1914) invests the common council of every city with power to pass all necessary ordinances in relation to the opening, change, or improvement of streets. Section 267 of the act (§8961 Burns 1914) provides that, except when otherwise provided by law, every city shall have exclusive power over its streets, and to "straighten, widen and otherwise alter and improve those already laid out, or that may hereafter be laid out, * * * and may construct and establish sidewalks and street crossings."

It is conceded by appellees that, previous to the enactment of the statute of 1907, cities were invested with the exclusive power to alter the width of their streets by making them narrower. Since the enactment of the law of 1907, this court has considered cases where the petitions in the circuit court sought the vacation of portions of streets in their entire width. *Hudson Tp.* v. *Smith* (1914), 182 Ind. 260, 106 N. E. 359; *City of Peru* v. *Cox* (1908), 173 Ind. 241, 90 N. E. 7. Whether the act authorized a circuit court to adjudge the narrowing of a city street has not been heretofore considered. In the last section of the 1907 act, it is provided that the act shall not have the effect to repeal any existing law, but shall be supplementary to then existing laws on the subject.

One encroaching on a highway dedicated to public use acquires no rights by prescription or adverse user. *Hall* v. *Breyfogle* (1903), 162 Ind. 494, 70 N. E. 883.

4. The legislative purpose in laws providing for the vacation of existing highways is public, and not private, use and convenience, and usually the

5. specific object sought is relief from the public expense of maintaining unnecessary roads or substituting a more desirable way for an existing one. 13 R. C. L. 68.

In general terms, the act of 1907, *supra,* provides for the vacation of streets in whole or in part. It is argued by appellees that, since the greater includes the
6. less, authority to vacate a portion of the street should be held to include a partial vacation in width as well as length. *City of Mt. Carmel* v. *Shaw* (1895), 155 Ill. 37, 39 N. E. 584, 27 L. R. A. 580, 46 Am. St. 311. We cannot accept such view of this statute. In seeking the controverted legislative purpose in an amendatory or supplemental act, it is obviously necessary to consider both the former and latter enactments. We find that by the act of 1905, *supra,* the exclusive power to straighten or alter an existing street was vested in the city authorities. No such power is given, in express terms, by the act of 1907, *supra.* Moreover, the sole grounds of remonstrance permitted by the latter act do not warrant the determination by the circuit court of those matters of supreme importance, viz., the convenience and safety of public travel. The growth of the city in population or wealth might not be substantially affected by the narrowing of a street, and such act would not prevent access to the street by adjoining owners, nor would it cut off public access to any church, school, or public place or ground adjoining the highway.

On appellees' theory, which was adopted by the trial court, the latter properly struck out appellant's fourth ground of remonstrance because not included in the statutory grounds, although the conceded effect was to deprive the city authorities of the power to provide a sidewalk on a portion of a century old street, and near the public square of a thriving county-seat city.

We are of the opinion that it was not the legislative purpose by the act of 1907, *supra,* to confer jurisdiction on the circuit courts to order the narrowing of city streets, and that the trial court erred in over-

ruling appellant's motion for a new trial which challenged the jurisdiction of the court over the subject-matter of the petition. Our conclusion relating to the legislative intent renders unnecessary a consideration of the constitutional question presented.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

LAIRY, J.—On his petition for rehearing appellee calls the attention of the court to the case of *Hudson Tp.* v. *Smith* (1914), 182 Ind. 260, 106 N. E. 359, in which a construction was placed on the act of the general assembly of 1907 entitled: "An act concerning the vacation of plats of land or any part thereof and for the disannexation of territory from the corporate limits of cities and towns." Acts 1907 p. 617, §§8908-8920 Burns 1914. In the case cited the decision was to the effect that, in so far as that statute conferred power on the circuit courts of the state to act in the vacation of streets, the jurisdiction of such courts is concurrent with the jurisdiction of the city or town, and that where the road to be vacated does not lie within the limits of an incorporated city or town the circuit court has jurisdiction concurrent with boards of commissioners. It is claimed by appellee that the rule announced in that case applies to the case at bar, and requires this court to hold that the circuit court of Gibson county had jurisdiction of this matter concurrently with the authorities of the city of Princeton. It is asserted that the court in its original opinion denied the jurisdiction of the trial court without referring to the case cited and without distinguishing it or pointing out any reason to show that the rule announced therein was inapplicable to the case in hand.

In this counsel for appellee are in error. In the original opinion it is pointed out that §8961 Burns 1914, §267, Acts 1905 p. 219, confers on cities and towns, except where otherwise provided by law, exclusive power over streets, with authority to lay out, survey, extend and open streets and alleys, and to straighten, widen and alter and otherwise improve the same. It is held that this act confers on the city or town authorities exclusive jurisdiction to narrow the width of a street, and that such exclusive power still abides with such authorities unless the act of 1907, *supra*, heretofore cited, must be so construed so as to confer like power and jurisdiction on the circuit courts of the various counties. It is then pointed out that the purpose of the act of 1907, *supra*, was to authorize proceedings before circuit courts for the purpose of vacating plats or streets in whole or in part, and that as applied to streets it authorizes proceedings in such courts to vacate the whole of a street, or to vacate the whole width of some part of a street, but that it does not authorize a proceeding to vacate a portion of a street longitudinally along either of its sides so as to narrow the street and leave the remainder still open as one of the streets of the city or town. Attention is called to the last section of the act of 1907, *supra*, which provides that the act shall not have the effect to repeal any existing law, but shall be supplementary to other laws then existing. In view of this provision, the court holds that the act of 1907, *supra*, will not be construed to alter existing laws further than its express provisions indicate; and, as there is no express provision authorizing proceedings in the circuit court brought for the purpose of narrowing the width of existing streets, it is held that circuit courts have no jurisdiction of such proceedings. The exclusive power to change and alter

streets in that particular rests with the authorities of the cities and towns.

As tending to show that the act conferring jurisdiction on circuit courts in reference to vacation of streets was not intended to apply to proceedings having for their purpose the narrowing of existing streets, the original opinion calls attention to the grounds of remonstrance provided for in the act, and also presents other reasons in support of the conclusion reached which need not be repeated here.

The case cited by appellee is clearly reconcilable with the case at bar. Petition for rehearing overruled.

NOTE.—Reported in 113 N. E. 999, 120 N. E. 598. See under (3) 7 Ann. Cas. 325, 20 Ann. Cas. 1318, Ann. Cas. 1917E 934, 38 Cyc 329; (4) 2 C. J. 221.