CITY OF EAST CHICAGO ET AL. *v.* THE E. B. LANMAN CO.

[No. 26,777. Filed October 11, 1937.]

*George E. Hershman, Paul T. McCain, Nick Stepanovich* and *S. F. Sirois,* for appellant.

*Twyman & Friedman,* for appellee.

TREMAIN, J.—The appellee filed a petition in the Cir-

cuit Court of Lake County praying for the vacation of a portion of McCook Avenue in the city of East Chicago. The petition was filed pursuant to Chapter 279 of the Acts of 1907 of the General Assembly of the State of Indiana. Sections 48-901 to 48-915, inclusive, Burns' Ind. St. 1933, §§12476 to 12488 and 11999 Baldwin's Ind. St. 1934. It alleges facts required by Section 48-903 Burns 1933 (§12479 Baldwin's 1934), *supra*.

After certain motions and a demurrer had been filed to the petition and overruled by the court, the appellants filed a remonstrance to the vacation of said street. The remonstrance was based upon the three grounds of objection set forth in Section 48-904 Burns 1933 (§12480 Baldwin's 1934) of said statute: First, that the portion of the street sought to be vacated was necessary to the growth of the city. Second, the vacation would leave the real estate of the remonstrator without ingress or egress by means of a public way or street. And third, the vacation would cut off the public's access to churches, schools, and public buildings.

Upon the issue thus formed, the cause was submitted to the court for trial, finding, and judgment. No request for a special finding was made by either party. Upon the conclusion of the introduction of evidence, both parties requested the court to make a personal inspection of the property involved. This was done. Thereafter, the court rendered a judgment against the remonstrators and in favor of the appellee vacating the street. Appellants filed a motion for a new trial upon the ground that the finding of the court was not sustained by sufficient evidence and was contrary to law, and further assigning alleged errors of the court in admitting and rejecting the testimony of certain witnesses.

A careful reading of the record discloses that the city of East Chicago introduced no evidence to sustain the

remonstrance filed by it; nor did the remonstrator, U. S. S. Lead Refinery, Incorporated, offer any evidence upon the question of damages. All other questions of fact involved in the case were controverted. There was evidence introduced from which the court could conclude that the remonstrator, U. S. S. Lead Refinery, Incorporated, was not the owner of property immediately adjoining the part of the street sought to be vacated, and that said remonstrator's real estate abutted upon Kennedy Avenue, which afforded means of ingress and egress to its property. Also, there was evidence upon which the court might conclude that the portion of the street ordered vacated was not necessary to the growth of the city, and that it did not cut off the public's access to any church, school, or other public building or grounds. All of these matters involved questions of fact to be determined by the trial court. The general finding and judgment of the court amounted to a finding against the appellants upon all questions of fact involved. There was evidence sufficient to sustain the judgment.

The other alleged assignments of error question the court's ruling in permitting the witness, E. B. Lanman, to answer certain questions as to what use his company intended to make of the street in the event that it was vacated and title vested in the adjoining landowner, and on cross-examination, the same witness was asked as to whether or not he was aware of the fact that a railroad company, owning an adjoining right of way, had agreed to lay out certain streets. Another witness was asked on cross-examination as to his knowledge of the acreage of a certain other tract of land in that vicinity. A reading of the record discloses that all of these question were collateral to the issue tried by the court. They were not material to any allegation contained in the petition to vacate or

in the remonstrance. Even if it were admitted that some of the questions and rulings of the court upon the admissibility and rejection of evidence were erroneous, it is clear that none of the rulings constituted reversible error.

The appellants presented no other questions in their brief. The appellee filed no cross-errors. The evidence supports the judgment.

Judgment affirmed.