GASTON *v*. CITY OF SHELBYVILLE.

[No. 29,288. Filed November 3, 1955.]

*Pell & Good,* and *Emerson J. Brunner,* both of Shelbyville, for appellant.

*J. P. Bernard,* of Shelbyville, for appellee.

ACHOR, J.—This appeal involves an action by the appellant to vacate a certain portion of a public alley within the City of Shelbyville, Indiana, pursuant to the provisions of ch. 279, §§3, 4 and 9 of the Acts of 1907, as amended by ch. 181, §1 of the Acts of 1927, as amended by ch. 73, §1 of the Acts of 1951 (§§48-903, 48-904, Burns' 1950 Repl., and §48-909, Burns' 1950

Repl. (1955 Supp.)). Adjacent property owners were notified of the proceedings by registered mail. The required notice by publication was had and a waiver of service of summons and appearance were filed on behalf of the City of Shelbyville, the appellee. No objections or remonstrances were filed as provided by §§48-903 and 48-904, *supra*. However, the appellee was permitted to and did file an answer in denial to the petition. Thereafter trial was had to the court.

The evidence submitted consisted only of proof of notice by publication and an agreed stipulation stating the facts of the public alley as evidenced by plat filed with the court, the names of the owners of the property adjacent thereto, and that notice by registered mail had been sent to the said property owners. The only additional evidence was appellant's testimony that he was the petitioner and that it was his desire that the described alley be vacated pursuant to the terms of his petition. Thereupon appellant rested his case.

Appellee City of Shelbyville thereupon filed a motion for a peremptory finding denying the petition, which motion was sustained, and the court thereafter rendered a judgment to the effect that "the alley described in said petition be not vacated."

It is appellant's contention that because of the fact that no remonstrances were filed within the time fixed by the notices, it became the mandatory duty of the court to grant the petition as prayed, that the court had no discretion relative thereto. Appellant relies upon the following statement contained in Acts 1907, ch. 279, §3, p. 618 (§48-903, *supra*) : ". . . If no objection within such time be made in writing by any party interested the court shall grant the prayer of said petition. . . ."

However, it is appellee's contention that the above provision is not controlling as to the City of Shelbyville;

that the City of Shelbyville is not a mere "party interested" which was required to remonstrate against the improvement in the manner and within the time as provided by the Acts of 1907 (§48-903, *supra*). Appellee bases its contention upon the fact that ch. 279, §9 of the Acts of 1907 was amended by ch. 181, §1, Acts 1927, by the addition of the following proviso: ". . . *Provided,* That when the vacation of any street or alley that lies within any incorporated town or city is petitioned for, said incorporated town or city shall be named as the adversary party to such proceeding and summons shall be served upon such town or city as summons are served in other civil actions." (§48-909, *supra*).

It is appellee's contention that, under the statute as amended, the City of Shelbyville is an "adversary party" which is entitled to appear, answer and resist the proceedings *after* the return day of the summons, as is the general rule "in other civil actions," and, confronted by an answer in denial, it became the burden of appellant to prove the facts of his petition.

In support of his position appellant cites the cases of *City of Peru* v. *Cox* (1909), 173 Ind. 241, 90 N. E. 7; *Southern R. Co.* v. *Town of French Lick* (1913), 52 Ind. App. 447, 100 N. E. 762; *City of Jasper* v. *Taichert & Schneider* (1937), 103 Ind. App. 302, 7 N. E. 2d 534, *City of East Chicago* v. *The E. B. Lanman Co.* (1937), 212 Ind. 524, 10 N. E. 2d 288.

However, an examination of the above cases discloses that the cases of *Peru* v. *Cox, supra,* and *Southern R. Co.* v. *Town of French Lick, supra,* were decided prior to the 1927 amendment (§48-909). And we find that, in the latter two cited cases, decided after the 1927 amendment, each of the respective cities merely filed a "remonstrance" within the provisions of §§3 and 4, ch. 279 of the Acts of 1907 (§§48-903, 48-904). They

did not file an answer placing in issue the allegations of the petition. This procedure having been adopted, the courts properly held that the statute having specified the grounds of remonstrance no other grounds of remonstrance will be recognized. Therefore, none of the above cases furnish precedent for a decision in this case.

It is a matter of judicial knowledge that a city has an interest and a responsibility with respect to the public streets and alleys which are different than those of the public generally or of the property owners adjacent to such streets and alleys. An examination of the 1927 amendment persuades one that the legislature intended to place a municipality in a position to defend such proceedings in a manner different from that of general objectors. The amendment requires that the municipality be made an "adversary party" upon whom summons must be served as "in other civil actions." (§48-909, *supra.*)

Section 2-801, Burns' 1946 Repl. (1955 Supp.) (Acts 1935, ch. 213, §1, p. 1019; 1947, ch. 94, §1, p. 278), entitled "An act concerning proceedings in civil cases," provides:

"When a complaint is filed . . . the plaintiff may fix the day by endorsement thereof upon the complaint, . . . on which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued . . . and . . . *such action shall thereupon stand for issue and trial at such day,* . . ." (Our italics.)

"In "civil cases" it is the general rule that issues are formed *on* or *after* the return day fixed by the summons and that in the trial of such actions the moving party has the burden of proof as to the allegations of his complaint unless admitted by the "adversary party." There is nothing in the amendment to indicate a contrary intention.

In the case before us appellant placed in evidence no facts upon which to support a judgment granting the relief prayed. Therefore the action of the trial court in sustaining the motion for peremptory finding and entering a judgment thereon was proper.

Judgment is therefore affirmed.

Emmert, C. J., not participating.

Arterburn, Bobbitt and Landis, JJ., concur in the opinion.

NOTE.—Reported in 129 N. E. 2d 793.