## CITY OF PERU *v.* COX ET AL.

[No. 21,432.   Filed December 9, 1909.]

1. MUNICIPAL CORPORATIONS.—*Vacation of Streets.—Remonstrances. —Rejecting.*—Under §8910 Burns 1908, Acts 1907, p. 617, §3, providing for the giving of notice in street vacation proceedings, and for the procedure therein, a remonstrance filed after the statutory limit, no excuse being offered for the failure to file within the statutory time, should be rejected, the remonstrator being required to bring himself within his statutory rights.   p. 243.

2. ACTION.—*Time for Filing Pleadings.—Extension.*—In civil cases, courts ordinarily have the power to extend the time for the filing of pleadings.   p. 243.

3. CONSTITUTIONAL LAW.— *Statutes.— Title.— Several Subjects.*— Under article 4, §19, of the Constitution, providing that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title," the act of 1907 (Acts 1907, p. 617, §8908 *et seq.* Burns 1908), entitled "An act concerning the vacation of plats of lands or any part thereof and for disannexation of territory from the corporate limits of cities and towns," is not invalid as embracing two distinct and unrelated subjects, its general subject being that of municipal corporations.   p. 244.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Petition by William H. Cox and others, against which the City of Peru remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*Frank D. Butler* and *Cole & Cole,* for appellant.

*R. J. Loveland, E. T. Reasoner* and *Albert Ward,* for appellees.

MONTGOMERY, J.—Appellees petitioned the Miami Circuit Court for the vacation of a certain part of Scott street in the city of Peru, alleging that they were the owners of the abutting property and all other real estate to be affected by the proposed vacation. Notice by publication was duly given, that on October 5, 1908, the petition would be heard. On October 6, 1908, proof of publication of such notice was made and the court requested to grant the prayer of appellees' petition, but the demand for judgment was refused, and over appellees' objection the court called the city attorney of Peru by telephone, who thereupon asked that his appearance be entered in the proceeding. On November 13, the city attorney, in the name of certain taxpayers, filed a demurrer to the petition, which demurrer was on the same date, upon appellees' motion, stricken out, and in that connection the court announced that the prayer of appellees' petition, in so far as it sought the vacation of the specified part of Scott street, would be granted, as requested. On November 20, appellant and others, over the objection of appellees, filed their several written remonstrances against the granting of said petition, and appellees filed motions to reject the same, which motions were subsequently sustained, and judgment entered for the vacation of a part of Scott street, as prayed in appellees' petition.

Exceptions to the various rulings were properly saved, and appellant has assigned as errors: (1) That the court had no jurisdiction of the subject-matter of the action; (2) that the petition does not state facts sufficient to constitute a cause of action; (3) that the court erred (a) in sustaining appellees' motion for a *nunc pro tunc* entry; (b) in sustaining the motion to strike out appellant's remonstrance; (c) in refusing to allow appellant to introduce evidence

upon the merits of the petition and remonstrance; (d) in rendering a finding and a judgment in favor of appellees.

These alleged errors must, upon the record and briefs, be disregarded, except the one based upon the striking out of appellant's remonstrance, and the one challenging the sufficiency of the petition on the ground that the statute upon which the proceeding was founded is unconstitutional and void.

Section three of the act in question provides for the giving of notice of the pendency of the petition to vacate a street, and declares in that connection that "if no objection within such time be made in writing by any party interested the court shall grant the prayer of said petition." Acts 1907, p. 617, §8910 Burns 1908. This is a special statutory proceeding, in which the right to remonstrate within a specified time and upon prescribed grounds is given. Appellant failed to exercise seasonably the right conferred, and furnished no excuse for its omission, or for asking for an extension of time. The court, over objection, permitted appellant's remonstrance to be placed on file forty-six days after the statutory period for filing had expired, and after public announcement that the prayer of the petition would be granted. This was error, which the court had a right to correct, as it did, by rejecting the paper so filed. In civil actions generally courts have power and authority to extend the time fixed by order or rule of court for filing pleadings, and when a pleading, in the exercise of sound discretion, is permitted to be filed, it cannot be subsequently rejected on the sole ground that it was not filed in time. In this proceeding, however, appellant has no substantive property rights to protect, but is given control over the streets and alleys within its corporate limits, and is permitted to remonstrate against the vacation of the same upon prescribed grounds and within a fixed time. The principle is well established that one seeking to assert a statutory right must

bring himself clearly within the terms of the statute which confers such right or privilege. *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302; *West* v. *State, ex rel.* (1907), 168 Ind. 77. No error was committed in rejecting appellant's remonstrance under the circumstances shown.

It is contended that the act of March 12, 1907 (Acts 1907, p. 617, §8908 *et seq.* Burns 1908), entitled "An act concerning the vacation of plats of lands or any part thereof and for disannexation of territory from the corporate limits of cities and towns" contravenes article 4, §19, of the Constitution of this State, for the reason that it embraces two distinct and unrelated subjects, and is therefore invalid. The constitutional provision referred to reads as follows: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." The general subject to which the act in question relates is municipal corporations, and the particular matters dealt with are the vacation of platted grounds and disannexation of territory. The title clearly covers the provisions found in the body of the act. The owners of platted ground may in some cases desire both a vacation of the plat and disannexation from the corporate limits, while in other instances the proceedings to vacate and for disannexation may be wholly independent, but they are so far connected through their common relationship to municipal corporations as to authorize their union in one legislative act. The substantial purpose of this constitutional restriction upon the legislature is well understood, and it is manifest that no abuse is here shown and no violation of either the letter or spirit of the provision, invoked. If the strict and narrow construction for which appellant contends should prevail, the process of subdividing subjects of legislation would be almost without limitation. The two proceedings covered by this act do not constitute two unrelated and disconnected subjects within the meaning of the constitutional provision cited, and the peti-

tion for vacation was and is sufficient in law. *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100; *Gustavel* v. *State* (1899), 153 Ind. 613; *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189; *Isenhour* v. *State* (1901), 157 Ind. 517, 87 Am. St. 228.

No error appearing, the judgment is affirmed.