# HUDSON TOWNSHIP, LAPORTE COUNTY, ET AL. *v.* SMITH.

[No. 22,453. Filed October 9, 1914.]

1. HIGHWAYS.—*Vacation.*—*Streets in Unincorporated Village.*—*Jurisdiction.*—*Statutes.*—*"Shall".*—Under the act of 1907 (Acts 1907 p. 617, §§8908-8920 Burns 1914), providing that whenever any person interested or owners of any lot or lots in any incorporated city or town, or which is not a corporation in active operation, shall desire to vacate any street, alley or public ground therein, etc., he "shall" file with the circuit court his petition, setting forth the circumstances of the case, and describing the property sought to be vacated, etc., the word "shall" is to be construed as "may", so that in view of the whole act, the circuit court has concurrent jurisdiction with the board of county commissioners to vacate a street in an unincorporated village. pp. 262, 263.

2. HIGHWAYS—*Vacation.*—*Legislative Power.*—The legislature has plenary power over the subject of highways, and may confer jurisdiction to lay out or vacate highways where it sees fit. p. 263.

3. STATUTES.—*Validity.*—*Title.*—The title of the act of 1907 (Acts 1907 p. 617, §§8908-8920 Burns 1914), concerning the vacation of plats of land or any part thereof, and for the disannexation of territory from the corporate limits of cities and towns, is suffi-

ciently broad to save the validity of the act, even though the act is construed as conferring on circuit courts jurisdiction concurrent with boards of county commissioners in the matter of vacating streets in unincorporated villages. p. 265.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by William L. Smith against Hudson Township, Laporte County, and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Hickey & Wolf,* for appellants.
*Weir & Worden,* for appellee.

MYERS, J.—Appellee filed his petition in the circuit court of Laporte County, for the vacation of a section of street in the village of Hudson, Laporte County, Indiana, naming himself and the Chicago, Lake Shore and South Bend Railway Company as the owners of lots adjoining said street, and as the only persons interested therein, and affected thereby, and also alleging that said village of Hudson had theretofore been laid out and platted, and the plat thereof recorded as provided by law, but that the same has never been, and is not now incorporated. The civil township of Hudson demurred to the petition, denying jurisdiction in the court of the subject-matter, which demurrer was overruled. Emery as trustee of the civil township answered, alleging in substance, that the village of Hudson was platted in 1837, and the street sought to be vacated is a street shown by said plat; that a small hotel, and fifteen or twenty houses are located in said village; that the village was never incorporated and never had any form of municipal government, and its streets and alleys, ever since said platting, have been repaired and maintained by the officers of the civil township of Hudson; that said village does not adjoin any incorporated city or town, and that the nearest incorporated city or town is the city of Laporte, which is fourteen miles distant, and that by reason of these facts the court had no jurisdiction of the subject-matter. Appel-

·lee's demurrer to this answer was sustained, and the appellants refusing to plead further, the court rendered judgment granting the prayer of the petition, from which judgment this appeal is taken.

The errors assigned are, that the court had no jurisdiction of the subject-matter of the action, and in the rulings on the demurrers to the petition, and answer. The first assigned error is sufficient to raise the question here presented.

The title of the act under which this proceeding was instituted (Acts 1907 p. 617, §§8908-8920 Burns 1914), reads as follows: "An act concerning the vacation of plats of lands or any part thereof and for the disannexation of territory from the corporate limits of cities and towns." The particular section in question reads: "Whenever any person or persons interested therein, or the owner or owners of any lot or lots or part or parts of lots in any incorporated city or town or which is not a corporation in active operation shall desire to vacate any street, alley or public ground therein or any part thereof adjoining such lot or lots or part or parts thereof, such person or persons shall file with the circuit court in the county in which such lands, or some part thereof, are situate, his, their or its petition setting forth the particular circumstances of the case, giving a distinct description of the property sought to be vacated", etc.

The question here presented is, whether streets in a village which has never been incorporated, come within the purview of this act. The language of the act, "incorporated city or town or which is not a corporation in active operation," limits the operation of the act to those falling within its express terms, and clearly excludes those not so classified, and being a statutory right, one who seeks to make avail thereof, must show himself as falling within the designated class. It is the contention of appellant, first, that the language, "which is not a corporation in active operation," necessarily implies that it had once been incorporated, and had ceased to operate its corporate func-

tions, for the reasons, (a) that provision already exists for the vacation of highways before boards of commissioners, and argumentatively that the act was unnecessary for that reason, (b) that the reason for such construction lies in the fact of the abandonment of the exercise of its corporate functions, though it is a *de jure* corporation, and hence streets, alleys and public places are still the subjects of corporate control, with no corporate officers who can act, and hence a second reason for the act; second, that if the act is to receive a construction which will confer jurisdiction on circuit courts in the case of villages which have never been incorporated, the provision is not within the title of the act, and hence unconstitutional.

The legislative power is plenary over the subject of the highways of the State, and it may confer such jurisdiction where it sees fit, to lay out or vacate them, even to the extent of granting concurrent jurisdiction. Prior to the enactment before us, jurisdiction to lay out or vacate public highways not within incorporated cities or towns, was in the exclusive control of boards of county commissioners, and in case of cities and towns, the jurisdiction was exclusively within those corporations. Hence it is urged that there was no necessity for the act under the construction put on it by the court below. And for the reason that if the village had once been incorporated it did not cease to be a corporation *de jure,* and liable as such, even though it had ceased to exercise its corporate functions, and hence had no officers to act upon the subject of vacation of streets, as it would have had if in the exercise of its franchise, or in the language of the act "a corporation not in active operation". In other words, if it had been incorporated, and was exercising its functions, it had jurisdiction over its streets and public places, and the act was unnecessary, while if it had been incorporated, and was "not in active operation," that is, not exercising its corporate functions, there could be no machinery for vaca-

tion, and the act was necessary to provide the machinery. On the other hand, if never incorporated, its highways were those of the civil township and under its control, with authority for vacation in the board of commissioners, and the act was unnecessary. The fact that other portions of the section, as well as other provisions of the act refer to cities and towns, which latter have come to have a well recognized signification in this State, might be an argument in favor of the construction that it means corporations not in active operation, and this transposition of the words makes the entire section consistent with itself and with other provisions of the law on the subject. Reading the statute literally, it might be a correct grammatical construction to say that it means any unincorporated village, but that construction taken with the other provisions of the section leads to a construction which is unnecessary, in order to obtain a desired result. It may be said that that is also true as to incorporated cities and towns, but the situation is not the same, for incorporated cities and towns in the exercise of their functions have power over the vacation·of streets and highways, but an incorporated village, which is not in active operation, therefore not exercising its functions, is not in a situation to vacate highways within its territory. It might put itself in such situation, but supposing it to decline to do so, there might be doubt of any theretofore existing remedy. Persons can not be required to serve as officers, and hence there would be no remedy. But it is clear that where there had never been an incorporation, there could be no remedy through the village itself.

Viewing the matter from another angle, as incorporated cities and towns prior to the enactment had exclusive control over streets, alleys and public places within their limits, it is manifest that this act confers concurrent jurisdiction with cities and towns on the circuit courts, and that this is within the power of the legislature. Upon the same analogy, it may vest concurrent jurisdiction in circuit courts with

that exercised by boards of commissioners over highways without the limits of incorporated cities and towns, or in unincorporated communities or villages, and this is the more apparent when we consider that by §12 (§8919 Burns 1914) it does not apply to cities of the first and second class, and by §13 (§8920 Burns 1914), it is declared not to have the effect to repeal any laws or parts of laws of the State, but is a supplementary act. It will be noted that the language of §2 (§8909 Burns 1914), is, *"shall file with the circuit court"* (our italics). In view of the provisions of §13, *supra,* declaring the act as supplemental, it is apparent that the word "shall" should be read "may" for which there is abundant authority in our own and other cases. *Board, etc.* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515. Any other construction would render §13 nugatory. If then jurisdiction may be concurrent in circuit courts and incorporated cities and towns, there can be no good reason why it may not be concurrent in circuit courts and boards of commissioners, and taking the whole scope of the act, that seems to have been the legislative intent. It is therefore unnecessary to determine whether the act applies to villages which have never been incorporated, as is the case before us, or whether it has been incorporated, but is not exercising its functions, for the act covers both contingencies.

The remaining question is, as to the constitutionality of the section of the act here involved, as to whether the subject of vacation of streets, alleys and public grounds is within the title. The plat of a street or highway is as much a part of a plat, as the platting or delineation of lots or subdivisions of the adjoining land. Supposing it to be contemplated to vacate a plat of ground, or the lots composing it, could it be doubted that there is, or would be as much reason in vacating streets, alleys or public places in the plat, as the vacation and obliteration of lot lines? Platting itself signifies the subdivision of the land into streets, alleys and public places, and as related to the lots or

subdivisions, as much as the latter relate to the former, they
are of equal significance, if not importance, and equally a
part of the plat, and are all embraced in the one word.
*McDaniel* v. *Mace* (1877), 47 Iowa 509; *Burke* v. *McCowen*
(1896), 115 Cal. 481, 47 Pac. 367.

We do not think the section is open to the constitutional
objection urged, and the judgment is affirmed.

NOTE.—Reported in 106 N. E. 359. On the discontinuance or va-
cation of a highway by the acts of public authorities, see 26 L.
R. A. 821. As to the construction of constitutional provisions rel-
ative to the title of statutes, see 1 Ann. Cas. 584. As to vacation
of streets, its effects on and the remedies of parties prejudiced,
see 46 Am. St. 493. See, also, under (1) 36 Cyc. 1160; (2) 37
Cyc. 175, 51; (3) 36 Cyc. 1028.