## CORRELL ET AL. *v.* DEARMIN.

[No. 12,990.   Filed April 29, 1927.   Rehearing denied July 1, 1927.]

1.  MUNICIPAL CORPORATIONS.—*Objections to petition to vacate street must be filed within time limited by statute.*—Under §§11214 and 11220 Burns 1926, an objection to a petition to vacate a street must be filed within the time fixed in the notice for a hearing on the petition, and an objection, though called an "information and petition," which was filed forty-five days thereafter, was properly overruled.   p. 351.
2.  MUNICIPAL CORPORATIONS.—*Owners of property which does not adjoin part of street to be vacated not entitled to remonstrate or object to proceeding.*—The owners of property which does not immediately adjoin that part of a street sought to be vacated in a proceeding under §11214 *et seq.* Burns 1926 are not entitled to special damages and, therefore, cannot remonstrate or object to the jurisdiction of the court.   p. 351.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Walter T. Dearmin filed a petition in the circuit court to vacate part of a street in the town of Odon and Ord C. Correll and others filed objections.   From a judgment

granting the petition, the objectors appeal. *Affirmed.*
By the court in banc.

*Alvin Padgett* and *Arthur Rogers,* for appellants.
*Edgar T. Laughlin,* for appellee.

NICHOLS, J.—Appellee is the owner of lots on the
north side of Walnut street in the incorporated town of
Odon, Indiana, and, almost half of the south side of
said street being a large, deep and dangerous ditch, he
filed his petition, under §11214 Burns 1926, with the
clerk of the Daviess Circuit Court, on February 25,
1926, in which petition he alleged that he owned all the
lots on the north of and immediately adjoining that part
of said street sought to be closed, that the school cor-
poration owned all the lots adjoining said part of said
street on the south side, and that other streets and al-
leys of said town offer proper egress and ingress to the
citizens of said town, and praying that said street in
front of said lots be vacated.

The clerk of said court indorsed March 12, 1926, as
the day for appellants and all others to appear and an-
swer or demur to said petition. On February 26, and
March 5, 1926, due notice was published in the Odon
Journal of the filing of said petition, its pendency, and
the time, place and before whom the same would be
heard. .

On April 26, 1926, a remonstrance was filed by the
Odon and Madison Telephone Company, in which ap-
pellants joined.

Appellee filed his motion to strike out said remon-
strance, basing his motion on the ground that the re-
monstrance was filed too late, claiming that the statute
provided that remonstrance and objections must be filed
within ten days, (§§11214 and 11220 Burns 1926,) and
that this remonstrance was not filed until sixty days
after the petition was filed and forty-five days after the

day set for hearing said petition. The court sustained the motion to strike out.

On May 10, 1926, appellants filed what they call their "Information and Petition," alleging ownership of certain tracts, giving a specific description of each, and then concluding that each of them was particularly interested in the vacation of said part of said street and would be affected thereby, and that appellee's petition did not name them as persons particularly interested who will be affected by the vacation. They also alleged that they would be damaged, that they each owned property immediately adjoining that part of said street proposed to be vacated, that their damage had not been assessed or paid, and that the court had no jurisdiction to hear and determine the petition. There was a prayer that each be made parties defendant and be permitted to file such pleadings as would properly protect their interests.

The court overruled the motion of appellee to strike out the information and petition of appellants to be made parties defendant in said cause, and to be permitted to file such pleadings in said matter as would properly protect their rights therein, but, afterward overruled the information and petition of appellants, rendered judgment that the prayer of appellee be granted, and that the part of Walnut street described in the petition be perpetually vacated.

Appellants rely upon error of the court in overruling their information and petition. We hold that the objection, called an "information and petition," 1, 2. was filed too late. But even if it had been filed in time, a plat attached to the motion to strike it out shows conclusively that appellants are not the owners of real estate immediately adjoining that part of the street sought to be vacated, and it appears that they each have plenty of streets and alleys to afford proper

ingress and egress, most of which are improved. Appellants, therefore, have only a general interest common to the citizens of the town, and are not entitled to special damages under the statute. *Oler* v. *Pittsburgh, etc., R. Co.* (1916), 184 Ind. 431, 111 N. E. 619.

We find no reversible error. Judgment affirmed.

Dausman, J., absent.