CITY OF JASPER ET AL. *v.* TAICHERT & SCHNEIDER.

[No. 15,401. Filed April 13, 1937.]

*Harry W. Carpenter* and *Leo J. Stemle,* for appellants.

*W. E. Cox,* for appellee.

WOOD, C. J.—We are first confronted with the insistence of appellee that the bill of exceptions containing

the evidence is not in the record, and since the only error assigned for reversal is the overruling of appellant's motion for a new trial, alleging as the only causes therefor, that the decision of the court is not sustained by sufficient evidence and is contrary to law, no question is presented for our consideration. Appellee's insistence is without merit. An examination of the record discloses that said bill of exceptions was properly certified by the trial court and made a part of the record in this cause.

The appellee, pursuant to the provisions of Sec. 48-903 Burns 1933, §12479 Baldwin's 1934, filed its amended petition in the Dubois Circuit Court to vacate a public alley located within the corporate limits of the city of Jasper. The petition contained such allegations as are required by the terms of the statute and their sufficiency was not questioned. The appellant, City of Jasper, filed a separate remonstrance against appellee's amended petition alleging as grounds therefor the first and second grounds for remonstrance authorized by Sec. 48-904 Burns 1933, §12480 Baldwin's 1934. The appellants, Buechlein and Wilson, filed a joint remonstrance against appellee's amended petition alleging as grounds therefor all three grounds for remonstrance authorized by said Sec. 48-904 (§12480 Baldwin's), *supra*.

On these issues the cause was tried to the court, resulting in a finding and judgment for the appellee vacating the alley. The appellants appeal, assigning as the only error for reversal the overruling of their motion for a new trial for causes above set out.

This is a special statutory proceeding. *City of Peru* v. *Cook* (1909), 173 Ind. 241, 90 N. E. 7. After notice of the filing and pendency of the petition is given, Section 48-903 (§11479 Baldwin's), *supra*, provides that, "If objection thereto is made, the

court shall set the same down for trial and hearing by the court, and if, in its opinion, justice shall require it, the court shall grant the prayer of said petition, in whole or in part."

Section 48-904 Burns 1933 (§11480 Baldwin's), *supra*, provides that, "any person or persons feeling himself or themselves aggrieved by the proposed vacation may remonstrate in writing upon any one (1) or more of the following grounds and no other, to-wit:

"First. Because such addition, subdivision or part thereof, or street or alley therein, or other public ground, so sought to be vacated is necessary to the growth of the town or city in which the same is situate or which the same adjoins.

"Second. That the proposed vacation will leave the real estate of the remonstrant or remonstrants, within any such town or city, without ingress or egress by means of a public way or street.

"Third. That such vacation will cut off the public's access to some church, school or other public building or grounds."

As will be observed, the statute by its terms limits the grounds of remonstrance to those specified therein and this court has held that no other ground of remonstrance will be recognized. *City of Richmond* v. *Miller* (1914), 58 Ind. App. 20, 107 N. E. 550. See also *City of Peru* v. *Cox, supra; Southern, etc., Co.* v. *French Lick* (1912), 52 Ind. App. 447, 100 N. E. 762.

The issues being thus limited by the statute under which this proceeding was tried, the only questions for the court to determine was whether or not the evidence in its opinion was sufficient to sustain the allegations of the petition, thereby authorizing a vacation of the alley or whether or not the evidence was sufficient to sustain any one of the several

statutory grounds of remonstrance set out in the several remonstrances filed by the appellants, and thus deny the petition of appellee. Upon the evidence, much of which is in conflict, the court made a general finding against the appellants on the issues tendered. In order to reverse the judgment of the trial court, as the appellants would have us do, it would be necessary for this court to weigh the evidence and that we cannot do.

No reversible error appearing in the record, the judgment is affirmed.

Dudine, J. not participating.