STATE EX REL. MAYHEW ET AL. *v.* REEVES,
JUDGE, ETC. ET AL.

[No. 29,576.  Filed September 23, 1957.]

*William H. Miller,* of Evansville, for relators.

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan, Robert Kahn, Willard C. Shrode,* and *Kahn, Dees, Donovan & Kahn* (of counsel), all of Evansville, for respondents.

BOBBITT, J.—Relators seek a writ of prohibition to prevent the Vanderburgh Circuit Court and the Honorable Ollie C. Reeves, as Judge thereof, from exercising further jurisdiction in a certain vacation proceeding, being Cause No. 7548 in such court, and filed pursuant to Acts 1907, ch. 279, §3, p. 617, being §48-903, Burns' 1950 Replacement. We issued a temporary writ.

An action for the vacation of a "street, alley or public ground" pursuant to §48-903, *supra,* is a special statutory proceeding; *City of Jasper* v. *Taichert & Schneider* (1937), 103 Ind. App. 302, 7 N. E. 2d 534; and all jurisdictional averments required by the statute under which the proceeding is brought must appear in the petition in order to confer jurisdiction upon the court in which it is filed. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 14, 106 N. E. 2d 441. Hence the question here presented is: Does the petition for vacation in such Cause No. 7548 state facts sufficient to confer jurisdiction upon respondents under the statute?

The pertinent part of §48-903, *supra,* is as follows:

"Whenever any person or persons interested therein, or the owner or owners of any lot or lots or part or parts of lots in any incorporated city or town, or which is not a corporation in active operation, shall desire to vacate any street, alley or public ground therein or any part thereof adjoining such lot or lots or part or parts thereof, such person or persons shall file with the circuit court in the county in which such lands, or some part thereof, are situate, his, their or its petition, . . . ."

Paragraphs 1, 2 and 3 of the petition for vacation, as they appear from Exhibit "A" of relators' petition herein, are as follows:

"1. That they are all owners of certain lots, or parts of lots situate in Lakewood Hills, a Subdivision lying near the City of Evansville, Vanderburgh County, Indiana, according to the recorded plat thereof, as recorded in Plat Record 1, pages 51 and 52, in the office of the Recorder of Vanderburgh County, Indiana; that said Lakewood Hills Subdivision is a community consisting of eighty-eight (88) lots with approximately *80* homes and dwellings situate therein, and is a *twon* which is not a corporation in active operation, nor has said town ever been incorporated.

"2. That there is now located in said Lakewood Hills Subdivision certain public grounds, to-wit: land upon which there is now located a lake which lies between Block 1 and Block 2 thereof, and a certain park area which adjoins said lake, all as shown on the recorded plat of said Lakewood Hills Subdivision.

"3. That the lots and parts thereof which are owned by the Petitioners herein adjoin and completely surround said lake and park area, and the Petitioners are the only persons owning any real estate adjacent to, or immediately adjoining said lake and park area; that the Petitioners are the owners of the following real estate in said Lakewood Hills Subdivision, to-wit: [Here follows detailed description of lots owned by petitioners-relators herein.]"

The petition further recites that the plat of Lakewood Hills Subdivision contained a provision dedicating to the public use "All that part of said property lying between Block 1 and Block 2 reserved for a proposed lake," and dedicating certain park area adjacent to the lake; and that the Board of Commissioners of Vanderburgh County formally accepted such dedication of the lake and park area on September 6, 1956.

We think these averments are sufficient to satisfy the requirement of the statute[1] and confer jurisdiction of this proceeding upon respondents herein.

Relators further assert that the jurisdiction of the Circuit Court under §48-903, *supra*, is limited to streets and alleys and does not extend to public grounds.

The statute clearly applies to streets, alleys and public grounds or any part thereof, under the conditions prescribed in §48-903, *supra*.

This court has held that such Act covers streets in a village which has never been incorporated. *Hudson Tp.* v. *Smith* (1914), 182 Ind. 260, 106 N. E. 359. It seems that it must then follow that public grounds would, under like circumstances, also come within the purview of the Act.

Relators do not contend that such lake and park area, as described in the petition, are not public grounds within the meaning of the statute, and they are sufficiently described in the petition for vacation to bring such proceeding within the express terms of the Act and confer jurisdiction thereof upon respondents. See: *Patrick* v. *Young Men's Christian Ass'n* (1899), 120 Mich. 185, 79 N. W. 208, 211.

Other questions presented by relators' petition do not pertain to the question of jurisdiction and, therefore, are not properly before us in this proceeding.

For the reasons above stated, the alternative writ heretofore issued is dissolved and a permanent writ denied.

Arterburn, C. J., Emmert, Landis and Achor, JJ., concur.

NOTE.—Reported in 144 N. E. 2d 707.

---

1. Acts 1907, ch. 279, §3, p. 617, being §48-903, Burns' 1950 Replacement.