BOOTH ET AL. *v.* TOWN OF NEWBURGH.

[No. 29,581. Filed January 23, 1958. Rehearing denied February 28, 1958.]

*Nat H. Youngblood,* of Evansville, for appellants.

*Ross E. Myers, Darby & Fitzgerald,* and *J. Wm. Kleindorfer,* of counsel, all of Evansville, for appellee.

BOBBITT, J.—Appellants filed an action in the Warrick Circuit Court under Acts 1907, ch. 279, §3, p. 617, being §48-903, Burns' 1950 Replacement, to vacate a portion of Jefferson Street in the Town of Newburgh, Indiana.

The petition alleged, *inter alia,* that the part of the street sought to be vacated consists of a steep bank running from the low water mark of the Ohio River to Water Street, the first street north of and parallel to the river, and that said bank is so steep it is impossible to use as a street; and that it does not afford ingress or egress to the citizens of the town or to any property owners thereof, other than appellants who own the land on both sides of the part sought to be vacated.

Appellee, Town of Newburgh, and certain persons feeling themselves aggrieved by the proposed vacation, filed a timely remonstrance as provided by §4 of ch. 279, Acts 1907, being §48-904, Burns' 1950 Replacement, on the grounds that (1) the part of said street sought to be vacated is necessary to the growth of the Town of Newburgh; and (2) that such vacation will cut off the public's access to public grounds.[1] Appellee, Town of Newburgh, also filed timely answer in denial.

From a judgment for the appellee (defendant) this appeal is prosecuted.

Since the burden was upon appellants to establish the allegations of their complaint[2] the only question

---

1. See: "First" and "Third" of Acts 1907, ch. 279, §4, p. 617, being §48-904, Burns' 1950 Replacement.

2. See: *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669.

here presented is whether or not the decision of the trial court is contrary to law and whether or not appellants were denied the relief to which they were entitled under the evidence.

We cannot agree with appellants that they have "sustained each allegation of the petition by an abundance of uncontradicted evidence." On the contrary, it is clearly apparent that the evidence is in conflict on material issues raised by the petition, the remonstrance, and the Town's answer in denial. Under these circumstances the question of the vacation of a street is a matter for the determination of the trial court, and its action will not be disturbed on appeal when the decision is supported by substantial evidence of probative value. *City of Jasper* v. *Taichert & Schneider* (1937), 103 Ind. App. 302, 7 N. E. 2d 534.

To determine the question here presented we will consider only the evidence most favorable to appellee, together with any reasonable inference which may be drawn therefrom. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669.

The record here discloses that the present Town of Newburgh was platted on August 4, 1818; and that the plat was recorded in the Recorder's Office of Warrick County, Indiana, and shows that Jefferson Street has its southern terminus at a public landing on the north bank of the Ohio River.

There is evidence from which the trial court could have found that the part of Jefferson Street sought to be vacated is used by pedestrians as a means of access to the river for the purpose of fishing and boating, and that the proposed vacation would cut off the public's access to the public landing ground at the south end of

the street.[3] There is also evidence of probable immediate growth of the town and that Jefferson Street could, if the occasion demanded, be made available for vehicular traffic much easier than other streets leading to the river, and that such street is necessary to the growth of the town.[4] There is also evidence that the part which appellants seek to vacate is necessary for the drainage of certain storm sewers and as an available access to the river for the use of certain fire equipment. We think this is sufficient to sustain the decision of the trial court.

The statute[5] provides that after trial and hearing by the court the prayer of the petition shall be granted in whole or in part, *if, in its opinion, justice requires it.* The court, in the exercise of its sound discretion, has, by its decision, determined that justice did not require the granting of appellants' petition and no abuse of this discretion is here asserted or shown.

The burden was upon appellants to show by a preponderance of the evidence that justice required the vacation as prayed. This burden they have failed to sustain; and we cannot say, from an examination of the record, that they were denied the relief to which they were entitled under the evidence. Therefore, the decision of the trial court is not contrary to law and the judgment must be affirmed.

Judgment affirmed.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

Note.—Reported in 147 N. E. 2d 538.

3. Acts 1907, ch. 279, §4, p. 617, being §48-904, Third, Burns' 1950 Replacement.

4. Acts 1907, ch. 279, §4, p. 617, being §48-904, First, Burns' 1950 Replacement.

5. Acts 1907, ch. 279, §3, p. 617, being §48-903, Burns' 1950 Replacement.