HORLOCK *v.* OGLESBY ET AL.

[No. 30,841. Filed December 20, 1967.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore Lockyear,* of Evansville, for appellees.

JACKSON, C. J.—This appeal comes to this Court by opinion of the Indiana Appellate Court made pursuant to Acts 1901, ch. 247, § 9, p. 565, as amended by Acts 1963, ch. 279, § 1, p. 424, being § 4-214 Burns, 1963 Replacement. (See *Horlock* v. *Oglesby* (1965), 210 N. E. 2d 56).

This appeal stems from an action instituted in the court below by a petition filed by appellees, husband and wife, for the adoption of the wife's minor child born as a result of her former marriage. The original action was filed August 7,

1963. The court examined the petition, found the same in proper form and directed the clerk of the court to forward one copy of the petition to the State Department of Public Welfare and one copy to the Vanderburgh County Department of Public Welfare.

Thereafter on the 16th day of December, 1963, the petitioners filed their amended petition for the adoption of such child. Such petition, omitting formal parts, signatures and jurat, reads as follows:

"James Raymond Oglesby and Doris Jean Oglesby, husband and wife, being residents of Vanderburgh County, State of Indiana, and desirous of adopting Monte Alan Horlock, a minor child of the age of seven (7) years, petition the Court and show as follows:

1.

"That said minor child, Monte Alan Horlock, is caucasian, male child, born in Evansville, Vanderburgh County, Indiana, on July 14, 1956. That said child has been with the parties hereto at all times since their marriage on the 13th day of February, 1960. That since January, 1963, these petitioners have resided at 1908 Rhode Island Drive, Evansville, Indiana. That James Raymond Oglesby is an iron worker and he and his wife and said child have had temporary residences in North Dakota, California, Arizona and Kentucky during said period of time but have at all times maintained Vanderburgh County, Indiana, as their permanent residence and home.

2.

"That said minor child does not possess any property, real or personal, nor anything of value.

3.

"That the name of the adopting parents herein are: James Raymond Oglesby, now aged 31 years, and who was born in Beach Creek, Muhlenberg County, Kentucky, on November 25 1931, and Doris Jean Oglesby, now aged 27 years, and who was born in Marengo, Crawford County, Indiana, on August 25, 1935. That these parties were united in marriage on the 13th day of February, 1960, in

Shawneetown, Gallatin County, Illinois, and that they presently reside at 1908 Rhode Island Drive, Evansville, Indiana.

4.

"Petitioners would further show the same minor child was born as a result of a marriage between Doris Jean Horlock and Alton Elverdo Horlock. That said marriage ended in divorce on the 23rd day of May, 1958.

5.

"Petitioners would further show to the Court that the natural father of said minor child is Alton Elverdo Horlock.

6.

"Petitioners would further show to the Court that the consent of the natural father, Alton Elverdo Horlock, to the adoption herein should be dispensed with for the reason that said Alton Elverdo Horlock has for more than six months immediately preceding the date of the within petition, deserted and abandoned said minor child, and has failed and neglected for a period of more than one year immediately prior to the filing of the within petition for adoption, to pay any support money for said minor child, or to support said child in any manner whatsoever.

7.

"Petitioners would further show to the Court James Raymond Oglesby is employed as an iron worker and is financially able to provide a good and proper home to rear said child.

8.

"Petitioners would show to the Court that should this adoption herein prayed for be granted, it is the desire that this minor child be given the name of Monte Alan Oglesby.

"WHEREFORE, petitioners pray the Court to examine this petition and determine whether the same is in proper form, and if found to be in proper form, to order the Clerk to forward one copy of said petition to the State Department of Public Welfare and one copy of said petition to the Vanderburgh County Department of Public Welfare for investigation and to hear evidence on this petition and to determine whether or not this adoption should be granted

as prayed, and that this Court order notice to be issued to Alton Elverdo Horlock herein, and for all other just and proper relief in the premises."

On February 6, 1964, appellant filed his answer to the petition herein, which answer in pertinent part reads as follows:

"1.

"That he denies the allegations of rhetorical paragraphs 1, 2, 3, 6, 7 and 8 of said Amended Petition.

2.

"That he admits the allegations of rhetorical paragraphs 4 and 5 of said Amended Petition.

"WHEREFORE, said natural father prays that said Amended Petition for Adoption be denied."

Thereafter, on May 26, 1964, appellant filed to said amended petition, his second paragraph of answer, such answer in pertinent part reads as follows, to-wit:

"That the statute of the State of Indiana which permits the adoption of minors where the natural father has not supported said child is in violation of the 14th Amendment, the due process of law and equal protection thereto to the Constitution of the United States thereto, and also in violation of the State of Indiana, Article I, section 12, the due course of law section of said Constitution, said statute being void and unconstitutional both upon its face and also in its application herein. That said statute does not permit adoption without consent when a father does not pay support if he is able and refuses to do so but it permits adoption without consent whether or not the father is able to pay support. That the laws of the State of Indiana provide adequate remedies both by civil contempt process and criminal jurisdiction when the father does not support his child and further provide remedies wherein a father has removed himself from the state.

"WHEREFORE, respondent prays that petitioners take nothing by their petition."

The record shows that on the 23rd day of December, 1963, the Vanderburgh County Department of Public Welfare filed

its written report of its investigation and recommendation in said cause, the same in pertinent part reads as follows:

"The Vanderburgh County Department of Public Welfare has read the petition of James Raymond Oglesby and Doris Jean Oglesby for the adoption of Monte Alan Horlock.

"Due to the circumstances as stated in the petition, in which Doris Jean Oglesby, wife of James Raymond Oglesby, is the natural mother of this child and gives her consent herewith, it is recommended that the petition be granted."

On the 26th day of May, 1964, on the issues formed by the amended petition and appellant's answers thereto, the cause was tried to the court without the intervention of a jury, resulting in a judgment in favor of appellees, which judgment in pertinent part reads as follows:

". . . said cause now being at issue, proceeds on for trial, finding and judgment, and the Court having heard the evidence and being duly and sufficiently advised, in the premises finds that the allegations of petitioners' petition are true and finds that the respondent shall take nothing by way of his First Paragraph of Answer or of his Second Paragraph of Answer.

"The Court further finds that it is to the best interest of said child that the petition prayed for herein be granted; that the adopting parents are of sufficient ability to rear and furnish suitable support and education for said minor child. The Court further finds that said child was born on July 14, 1956, in Evansville, Vanderburgh County, Indiana; that the adopting father was born in Beech Creek, Muhlenberg County, Kentucky, on November 25, 1931, and the adopting mother was born in Marengo, Crawford County, Indiana, on August 25, 1935. That said adopting father and mother now reside at 1908 Rhode Island Drive, Evansville, Indiana, and that the petitioners were duly married on 13th day of February, 1960.

"The Court further finds that from and after the making of this order of adoption, said minor child shall thereafter take the name prayed for in said petition, to-wit: Monte Alan Oglesby, and that said child shall be entitled to receive all rights and interests in the estate of such adopting parents, by descent or otherwise, which such child would be

entitled to receive if he had been the natural heir of such adopting parents.

"IT IS THEREFORE ORDERED BY THE COURT that the petition for the adopting of Monte Alan Horlock, a minor, be and it is hereby granted and that said child take the name prayed for in said petition for adoption to-wit: Monte Alan Oglesby.

"IT IS FURTHER ORDERED that said child shall be entitled to receive all rights and interests in the estate of the adopting parents herein, by descent or otherwise, which such child would be entitled to if he had been the natural heir of such adopting parents.

"The Clerk of this Court is directed to certify copies of this order to the State Department of Public Welfare and to the State Board of Health at Indianapolis, Indiana."

Thereafter, on the 10th day of June, 1964, appellant filed a motion for a new trial. Such motion was based on each of the following two grounds, viz:

"1.

"The decision of the Court is not sustained by sufficient evidence.

2.

"The decision of the Court is contrary to law."

The court overruled the appellant's Motion For New Trial on October 14, 1964.

Appellant's Assignment of Errors is the single ground:

"The court erred in overruling appellant's motion for a new trial."

A short resume of the evidence most favorable to the appellees discloses that appellant and appellee Doris Jean Oglesby are the parents of Monte Alan Horlock (Oglesby) who was born during and as the fruit of their marriage. The parties were divorced May 23, 1958. Doris Jean (Horlock) Oglesby was granted the custody of their child, Monte Alan, and appellant was ordered to pay $10.00 per week for the

support of said child. Appellant, by the terms of the divorce decree, was permitted to see his son and have the child with him on Sunday of each week from 1:00 to 6:00 p.m. as well as to see and visit him at reasonable times.

During the interval between her divorce and second marriage Doris Jean Oglesby continued to live in Evansville. Appellant knew where she lived, but he came to see his child only four or five times. Doris Jean Oglesby never refused appellant the right to see their child. Appellant has never filed an information for contempt since his divorce, nor has he ever represented to anyone that he was deprived of custody rights. After the appellees were married February 13, 1960, they lived in Evansville continuously for over a year. Since 1958 appellant has never seen his child. Since 1959 he has never paid any support, never sent his child birthday presents, Christmas presents or cards, nor has he done anything to show any affection toward his child. He admitted during the trial that he and his son did not know each other.

Appellant did not pay support regularly prior to his ex-wife's marriage to James Raymond Oglesby and since November 29, 1959, has paid no support at all. In 1959 while appellant was in Florida, Doris Jean Oglesby went to the Vanderburgh County Prosecuting Attorney's office and filed a reciprocal action for support, but no support payments were made. Appellant worked in Florida from October of 1958 to May of 1960 and then quit his job to resume college. After graduation from college in 1961, appellant was unemployed for three months. He then worked at Sears for a year making $70.00 per week. He made no support payments for his child. In the year preceding the date of the trial of this cause, appellant earned $6,000.00, yet paid nothing for the support of his child. At the trial appellant did not ask for the custody of his child.

Appellant first asserts that the decision of the trial court is contrary to law. In support of this argument he points out

that he did not consent to the adoption; that the court made no special findings of facts that the child had been abandoned or deserted for six months or more immediately preceding the date of the filing of the petition, or that the appellant as father of the child had failed to pay support money for a period of one year immediately prior to the date of the filing of the petition; that there was no period of supervision by a duly-licensed child-placing agency or a county department of public welfare as required by Acts 1941, ch. 146, § 3, p. 438 as amended by Acts 1943, ch. 40, § 2, p. 89 being § 3-117 Burns', 1946 Replacement; and that the investigation and report of the county department of public welfare did not comply with the statutory requirements enumerated in Acts 1941, ch. 146, § 4, p. 438 as amended by Acts 1943, ch. 40, § 3, p. 89 being § 3-118 Burns', 1946 Replacement. Appellant concludes, "In view of the flagrant disregard for the procedural requirements, we believe that the trial court did not have jurisdiction to make the decree that it did, and its decision is therefore contrary to law."

Although appellant did not consent to the adoption, it was unnecessary for him to do so since he had failed to pay support for the child for a period of one year immediately prior to the filing of the petition. Acts 1941, ch. 146, § 6, p. 438 as amended by Acts 1943, ch. 40, § 5, p. 89 being § 3-120 Burns', 1946 Replacement.

The general finding "that the allegations of petitioners' petition are true . . ." is sufficient since appellant failed to request the court to make special findings of facts and conclusions of law as he could have done pursuant to Acts 1881 (Spec. Sess.), ch. 38, § 394, p. 240 as amended by Acts 1923, ch. 83, § 1, p. 254 being § 2-2102 Burns' 1946 Replacement, which reads in part as follows:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the par-

ties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial. . . ."

The length of the period of supervision provided for in § 3-117 Burns', *supra,* is "within the sole discretion of the court hearing the adoption petition." The report of the welfare board provided for in § 3-118 Burns' *supra,* is "not binding on the court, but [is] advisory only." Under the circumstances in the case at bar there was sufficient compliance with the procedural requirements. One of the petitioners was the child's natural mother who obtained custody of the child at the time of her divorce from appellant, the natural father. The child had lived with the appellees since they were married on February 13, 1960.

Appellant next argues that the decision of the trial court is contrary to law because it is not sustained by sufficient evidence. It is not the province of appellate courts to weigh evidence. We will consider only the evidence most favorable to the appellee together with any reasonable inferences which may be drawn therefrom to determine whether the decision is sustained by sufficient evidence within the standard of proof required by law. *A.S.C. Corp.* v. *First National Bank* (1960), 241 Ind. 19, 167 N. E. 2d 460; *Booth* v. *Town of Newburgh* (1958), 237 Ind. 661, 147 N. E. 2d 538; *Emmons* v. *Dinelli* (1956), 235 Ind. 249, 133 N. E. 2d 56.

The evidence most favorable to appellees is discussed herein above and is sufficient to sustain the decision of the trial court.

Finally appellant challenges the constitutionality of § 3-120 Burns' *supra,* which permits consent of a parent to be dispensed with in an adoption proceeding if that parent has failed to support the child for one year. He argues that the statute does not differentiate between parents who are able to support their children but do not and parents who cannot support their children because of some incapacity. He asserts the statute is unconstitutional upon its face and as applied to him by the trial court.

The evidence clearly indicates the appellant was able to support his child during the year prior to the filing of the adoption petition; therefore, the statute was not unconstitutionally applied to him.

A party who raises the question of constitutionality of a statute assumes the burden of substantiating his claim. He must overcome a strong presumption in favor of the statute's validity. *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 165 N. E. 2d 141; *Alanel Corp.* v. *Indianapolis Redevelopment Commission* (1958), 239 Ind. 35, 154 N. E. 2d 515; *Hanley* v. *State Dept. of Conservation* (1954), 234 Ind. 326, 123 N. E. 2d 452.

Appellant admits he was unable to find a precedent to support his constitutional argument. Thus it is unnecessary for us to pass on the constitutionality of the statute.

Since there was no error in the proceedings below, the judgment of the Vanderburgh Probate Court is affirmed.

Arterburn, Hunter and Lewis, JJ., concur.

Mote, J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 810.