CITIZENS OF the UNINCORPORATED TOWN OF HERON BAY, Appellants (Defendants Below),

v.

Chester GORE and Dorothy Gore, Appellees (Plaintiffs Below).

No. 3–479A102.

Court of Appeals of Indiana, Third District.

Sept. 24, 1980.

Rex L. Reed, Rasor, Harris, Lemon & Reed, Warsaw, for appellees.

HOFFMAN, Judge.

On November 22, 1977, Chester and Dorothy Gore filed with the Kosciusko Circuit Court a petition for vacation of a portion of roadway. The petition basically alleged the following facts: 1) the petitioners are the owners of property within Heron Bay; 2) the petitioners desire to vacate a described strip of land; 3) the described land is a portion of a platted roadway which has never been improved or used by the public; 4) the petitioners own all land adjoining the described land; and 5) no other persons other than the petitioners are particularly interested in or would be affected by the proposed vacation of a portion of said unimproved roadway. The petition was filed pursuant to IC 1971, 18–5–10–44 (Burns Code Ed.) and notice was given by publication in compliance with IC 1971, 18–5–10–50. On December 23, 1977, the court granted the petition and ordered the described portion of the roadway vacated.

The present dispute was initiated by the defendants ten months later on October 6, 1978 by the filing of a motion for relief from the decree of vacation.[1] The defendants are property owners in Heron Bay whose land does not abut or adjoin the vacated portion of the roadway, but they allege that they are particularly interested in the vacation and will be affected thereby. The defendants' motion alleged that the notice and petition for vacation were not in compliance with applicable state law. At a hearing on the motion, oral argument of counsel was heard but no testimony or evidence was submitted. The trial court denied the defendants' motion on December 4, 1978, and this appeal followed.

The defendants–appellants' motion to correct errors alleges three errors in the proceedings before the trial court:

(1) the decree of vacation was procured in accordance with an incorrect statu-

Michael W. Lautzenheiser, Boonstra, Chovanec & Truitt, Markle, for appellants.

1. This motion is being considered as a Trial Rule 60 motion.

tory section, IC 1971, 18–5–10–44 instead of IC 1971, 18–5–10–42;

(2) even if IC 1971, 18–5–10–44 is the correct statutory section, the requirements as to the preparation of the petition for vacation were not fulfilled; and

(3) proper notice was not given to the defendants.

As to the first issue, the defendants contend that IC 1971, 18–5–10–42 controls the procedures for the vacation of a plat of land which lies outside the corporate limits of any city or town. The disputed territory in this case lies within a plat of lands and is outside the corporate limits of any city or town. The plaintiffs, nonetheless, argue that IC 1971, 18–5–10–44 is the applicable statutory section. These two statutes are set forth below:

"18–5–10–42 [48–917]. Vacation of plats.–Any plat of lands *without the corporate limits of any city or town*, or any part thereof, may be vacated by the owner or owners of the entire plat at any time before the sale of any lot therein, by a written instrument declaring the same to be vacated, when executed, acknowledged and recorded in like manner as deeds of lands. The declarations having been recorded, shall operate to destroy the force and effect of the plat or the part thereof declared to be vacated, and to divest all public rights in the streets, alleys and other public grounds therein laid out or described in the plat or the part thereof so declared to be vacated. If any lot or lots or parts of lots therein shall have been sold and conveyed, the plat thereof may be vacated in whole or in part in the same manner as in this section provided, if the owners of all lots and parts therein join in the execution of the writing.

"18–5–10–44 [48–919]. Vacating street or alley.–Petition.–Whenever any person or persons interested therein, or the owner or owners of any lot or lots or part or parts of lots *in any incorporated city or town, or which is not a corporation in active operation*, shall desire to vacate any street, alley or public ground therein or any part thereof adjoining the lot or lots or part or parts thereof, such person or persons shall file with the circuit court in the county in which the lands, or some part thereof, are situate, his, their, or its petition, setting forth the particular circumstances of the case, giving a distinct description of the property sought to be vacated and the names of the persons particularly interested therein and who shall be affected thereby, and notice of the filing and pendency of the petition shall be given as in this article [18–5–10–41–18–5–10–53] provided. . . . " (Emphasis added)

Under an initial reading of these statutes, the following analysis seems apparent. The first statute, IC 1971, 18–5–10–42, applies to plats of land which are located outside the corporate limits of any city or town. The second statute, IC 1971, 18–5–10–44, applies to land which is located within the corporate limits of a city or town. The phrase "or which is not a corporation in active operation" clearly refers to incorporated cities and towns and merely allows them to be on an inactive corporate status. If the statute was intended to include unincorporated villages or subdivisions it could have easily so stated. Following this construction, the appellants' argument would be correct and the plaintiffs filed their vacation proceeding under the wrong statute.

Research, however, reveals that this construction has not been adopted by the Indiana Supreme Court. Two separate cases have addressed this issue and have ruled that the second statute, IC 1971, 18–5–10–44, does apply to unincorporated villages. This Court is required to follow the precedent established by the Supreme Court.

These two statutory sections were both originally enacted by the Acts of 1907. In 1914 the Supreme Court construed the second statute in the case of *Hudson Tp. v. Smith* (1914), 182 Ind. 260, at 262, 106 N.E. 359, at 360:

"The question here presented is, whether streets in a village which has never been incorporated, come within the purview of this act. [IC 1971, 18–5–10–44] The language of the act, 'incorporated city or town or which is not a corporation in active operation,' limits the operation of the act to those falling within its express terms, and clearly excludes those not so classified, and, being a statutory right one who seeks to make avail thereof must show himself as falling within the designated class.

"It is the contention of appellant, first, that the language, 'which is not a corporation in active operation,' necessarily implies that it had once been incorporated, and had ceased to operate its corporate functions. . . ."

After a rather abstract discussion, the Court concluded:

"It is therefore unnecessary to determine whether the act applies to villages which have never been incorporated, as is the case before us, or whether it has been incorporated, but is not exercising its functions, for the act covers both contingencies."

106 N.E. at 361.

Thus, the statute was construed to apply to unincorporated villages and inactive corporations of cities and towns.

This position was reiterated in *State ex rel. Mayhew et al. v. Reeves, J., etc. et al.* (1957), 237 Ind. 240, 144 N.E.2d 707. The facts in that case were very similar to the present case. The petitioners owned lots abutting a lake, beach and park area which had been formally dedicated through a recorded plat. The remaining subdivision lot owners whose land did not abut the public area intervened in the petitioners' vacation action and sought a writ of prohibition to prevent the circuit court from taking any further action in the vacation proceeding. The intervenors argued that the circuit court had no authority under Ind.Ann.Stat. (Burns 1953) (the equivalent to IC 1971, 18–5–10–44) to vacate land lying outside the corporate limits of a city or town. The court rejected this argument, saying:

"This court has held that such Act covers streets in a village which has never been incorporated. *Hudson Tp. v. Smith* (1914), 182 Ind. 260, 106 N.E.2d 359." 144 N.E.2d at 709.

▮ Therefore this Court must follow the statutory interpretation announced by the Indiana Supreme Court and find that IC 1971, 18 5–10–44 is the applicable statute in the present proceedings.

The second issue presented by this appeal challenges the adequacy of the plaintiffs' petition to vacate. The statute requires that the petition contain "the names of the persons particularly interested therein and who shall be affected thereby." The appellants assert that the vacated land is part of a continuous roadway extending from the entrance of Heron Bay to the local lake. If the land is to be vacated, direct access to the lake will be denied to all the property owners whose land abuts the continuous roadway. In addition, the vacation will have an adverse effect on the property values of appellants' land. For these reasons, appellants contend that they are within the class of "persons particularly interested therein and who shall be affected thereby."

In opposing this position, appellees argue that the class of persons to be named in the petition is limited to those landowners whose property abuts the vacated portion. Because the appellants' properties do not abut the vacated portion of the roadway, it was unnecessary to name the appellants specifically in the petition.

In construing this statute, it is necessary to take into consideration the statute which governs notice of the vacation proceedings, IC 1971, 18 5 10–50.

"Whenever a petition has been filed to vacate any street or alley under the provisions of this article, the clerk of the circuit court shall send a copy of the published notice by certified mail to each of the *owners of the abutting land affect-*

*ed by the vacation proceedings*, providing the attorney of record who files the vacation proceedings shall have delivered to the clerk of the circuit court, the names and addresses of all abutting landowners affected, together with sufficient postage and a sufficient number of copies of the published notice to cover the abutting landowners affected by the vacation proceedings." (Emphasis added)

The clerk of the circuit court is required to send actual notice of the proceedings to the owners of abutting land. The owners of non–abutting property receive notice by publication.

In practical terms, the appellants' statutory interpretation is not workable. It is unrealistic to require a petitioner to know and list in his vacation petition all the non abutting landowners who could potentially have an interest in the proceedings. Conceivably, the petitioner could be totally unaware of a possible interested party. The failure to list such a party in his petition does not void the petition. The statute does not require the naming of the individual members of an unascertainable class of people.

The more logical interpretation of this statute would limit the class of persons to be listed in the petition to only the abutting property owners. This position is consistent with the notice provisions of the act and provides clear guidance for those seeking to file vacation proceedings. The petitioner is not left to speculate on the potential injuries of unknown persons.

It is noted that the phrase, "persons particularly interested therein and who shall be affected thereby" has commonly been interpreted to include non–abutting property owners who have suffered a special injury. *Booth et al. v. Town of Newburgh* (1958), 237 Ind. 661, 147 N.E.2d 538; *Southern R. Co. v. Town of French Lick* (1913), 52 Ind. App. 447, 100 N.E. 762; *Falender v. Atkins* (1917), 186 Ind. 455, 114 N.E. 965. These cases, however, concerned the class of individuals who are entitled to object to the vacation proceedings and recover damages therefore, but the cases do not address the question of which individuals should be listed in the vacation petition.

In *Correll v. Dearmin* (1927), 86 Ind.App. 349, 156 N.E. 407, the appellants were non–abutting property owners who alleged, among other issues, that they should have been included in the vacation petition. While not addressing the question directly, the court did not find error in the failure of the petition to include the names of the appellants.

Thus, IC 1971, 18–5–10–44 does not require a petition for vacation to include the names of all non–abutting property owners who may have a potential interest in the proceedings. The petition need only list the abutting property owners who are entitled to receive actual notice pursuant to IC 1971, 18–5–10–50.

The final error alleged by the appellants concerns the notice which was issued for the vacation proceedings. IC 1971, 18–5–10–50 controls the notice procedure and requires notice by publication in a local newspaper. It further requires actual notice by the clerk of the circuit court to "each of the owners of the abutting land affected by the vacation proceedings." Appellants contend that they are land owners affected by the vacation proceedings and, therefore, should have received notice from the clerk of the circuit court.

This argument has no merit. The statute clearly and specifically refers to "owners of abutting land."

"The word 'abutting,' as commonly understood, means a touching, meeting, or coming together."
*Chicago, etc., R. Co. v. Public Service Commission* (1916), 185 Ind. 678, at 681, 114 N.E. 414, at 415.

Appellants concede that their properties do not touch or meet the vacated portion of the roadway. Therefore, they had no right to receive notice from the clerk.

Appellants also make a fleeting argument charging deprivation of due proc-

ess based on inadequate notice. The principle case cited in support of this proposition is *Fritz v. Bd. of Trustees* (1969), 253 Ind. 202, 252 N.E.2d 567. The installation of a sewer system resulting in tax assessments against the property owners of Clermont was the subject of that litigation. The court found that the board of trustees knew the property owners who would be directly affected by the proceedings, had the names and addresses of those people and should have given them actual notice rather than notice by publication. The present case differs significantly. This action is not brought by a governmental unit to increase tax assessments. The appellants are not abutting landowners and they bear the burden of proving a special injury to show that they are directly affected. Furthermore, the class of non–abutting landowners who may be affected is not a clearly ascertainable class. The legislative distinction between abutting owners who receive actual notice and non–abutting owners who receive notice by publication is a rational and justifiable distinction. The appellants' due process rights have not been violated.

The judgment of the trial court is affirmed.

Affirmed.

BUCHANAN, C. J., participating by designation, and STATON, J., concur.