**TOWN OF KEWANNA, Indiana,**
**Appellant (Defendant Below),**

v.

**Cora HOLLIS and Goldie Carter Bailey,**
**Appellee[s] (Plaintiff[s] Below).**

**No. 3–1280A367.**

Court of Appeals of Indiana,
Third District.

May 27, 1981.

James O. Wells, Jr., Rochester, for appellant.

Richard A. Brown, Rochester, for appellees.

STATON, Judge.

Cora Hollis and Goldie Carter Bailey, filed a Petition for the Vacation of a Portion of an Alley,[1] which was adjacent to their property. Protesting the proposed vacation, the Town of Kewanna alleged, in its amended remonstrance, that the alley was necessary to the growth of the town and for the provision of public access. After hearing evidence, the court granted the petition to vacate.

On appeal, the Town asks if the judgment of the court is supported by sufficient evidence?

We affirm.

■ According to IC 1971, 18–5–10–44, the court shall grant the prayer of a petition to vacate, in whole or in part, "if, in its opinion, justice shall require it..." In such a proceeding, the burden is upon the party seeking the vacation to show, by a preponderance of the evidence, that justice required the vacation as prayed. *Booth v. Town of Newburgh* (1958), 237 Ind. 661, 147

N.E.2d 538. "Justice," in this connotation, has been defined by reference to the grounds prescribed for a remonstrance under IC 1971, 18–5–10–45—by successfully resisting the grounds of the remonstrance, the petitioners have established the "justice" of their petition. *McClurg v. Carte, Inc.* (1970), 255 Ind. 110, 262 N.E.2d 854. Because the proceeding for the vacation of an alley is a creature of statute, IC 1971, 18–5–10–44, *State v. Reeves* (1957), 237 Ind. 240, 144 N.E.2d 707, the only grounds for objection which can be recognized by the court are those specified in the statute. IC 1971, 18–5–10–45, *City of Jasper v. Taichert & Schneider* (1937), 103 Ind.App. 302, 7 N.E.2d 534.

In its amended remonstrance, the Town of Kewanna alleged that the alley was necessary to the growth of the town in that it would be needed as a right-of-way in the construction of the town's new sewage system. It also alleged that the closing of a portion of the alley would cut off public access and be against the public interest.

■ It is for us, then, to consider whether there is sufficient evidence to support the court's conclusion that "justice" required the vacation of a portion of the alley. In so doing, we may not weight the evidence, *City of East Chicago v. E. B. Lanman Co.* (1937), 212 Ind. 524, 8 N.E.2d 242, but must consider only that evidence most favorable to the appellee, together with any reasonable inferences which may be drawn therefrom. *Booth, supra.*

■ The evidence is undisputed that the vacation of the alley would neither leave the real estate of the remonstrant "without ingress or egress by means of a public way or street" nor would it "cut off the public's access to some church, school or other public building or grounds." IC 1971, 18–5–10–45. The only remaining statutory ground, upon which the Town could base its remonstrance is a claim that the alley is necessary to its growth.[2] The Town, in fact, alleged that the alley was needed as a right-of-way in

---

1. A portion of this alley has already been vacated and a garage built upon it.

2. We are precluded from a consideration of the Town's vague public interest argument as there is no provision for remonstrating on this ground in IC 1971, 18–5–10–45.

the construction of its new sewage system. This contention, however, is not supported by the evidence. Two of the Town's board members urged that it was "very important that we keep these alleys open," but admitted that they did not know where the proposed sewer lines were going to be placed.[3] There was also some testimony as to the desirability of providing access to this alley for emergency fire and medical services as relating to the growth patterns of Kewanna. This argument loses its appeal, however, in light of the fact that the alley in question is too narrow to accommodate vehicular traffic.

According to a sixty-year resident of the town, the alley has been used only by those people who live on it. There are no funds allocated for the maintenance of this portion of the alley because the Town never spends any money on "alleys that are not used, like this alley." The property owners adjacent to the alley maintain it. They mow the grass, control the weeds, and would now like to "just close it, if we could, and I could have flowers or something out there." In view of the Town's longstanding lack of use of the alley and its presentation of speculative evidence as to the necessity of the alley to the town's growth, we agree with the court in its conclusion that "justice" required the granting of the petition to vacate.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

3. Subsequent to the hearing, the Town filed a Motion to Reconsider on the basis of newly discovered evidence. It argued that the judgment was in error because the plans of the sewer system lines indicated that the alley-at-issue was to be a proposed site for a sewer. Although the record is sketchy, it appears that not only was this evidence discoverable, with the exercise of due diligence, at the time of trial, but that the Town failed to support its motion properly. Ind.Rules of Procedure, Trial Rule 59(G). The court, accordingly, denied its motion.