Ex Parte Griffiths, Reporter.

No. 14,812.

EX PARTE GRIFFITHS, REPORTER.

COURTS.—*Judges.*—*Ministerial Duties.*—Judges can not be required by the Legislature to perform ministerial duties.

SAME.—*Constitutional Duties.*—*Legislature May not Add to.*—The Legislature has no power to add to the duties which are devolved upon judges by the Constitution.

SAME.—*Supreme Court.*—*Syllabi of Decisions.*—*Reporter's Duties.*—Under the Constitution of this State the Legislature can not require the judges of the Supreme Court to discharge an essential duty of the reporter by the preparation of *syllabi* of decisions.

*L. T. Michener,* Attorney General, *W. F. Browder, A. F. Potts* and *V. G. Clifford,* for petitioner.

ELLIOTT, C. J.—The reporter of the decisions of this court files this petition invoking judgment upon the validity of the act of March, 1889. Among other provisions that act contains the following: "Opinions involving no disputed principles of law or equity or rule of practice, and no question except as to whether the verdict or decision is sustained by sufficient evidence or is contrary to the evidence, shall be printed in brevier type, without analysis or syllabus. * * The index and tables of cases shall be subject to the supervision and direction of the Supreme Court. * * It shall be the duty of the Supreme Court to make a syllabus of each opinion recorded by said court, except as hereinbefore otherwise provided." Acts of 1889, p. 87.

If the act assumed to require the judges of the Supreme Court to perform the duties of the clerk by preparing entries, or to discharge the duties of the sheriff by preparing returns for him, we suppose no one would hesitate to declare it void. The fact that the officer whose duties the act assumes to direct the judges to perform is the reporter, and not the clerk or the sheriff, can make no difference. Neither shade nor semblance of difference can be discerned by the keenest vision

between the cases instanced by way of illustration and the real case. The principle which rules is this: Judges can not be required to perform any other than judicial duties. This is a rudimental principle of constitutional law. To the science of jurisprudence, it is as the axiom that the whole is equal to all its parts is to the science of mathematics. There is no contrariety of opinion upon this subject. There is no tinge of reason for asserting a different doctrine. We quote Judge Cooley's statement of the principle, although it is found in a book intended for beginners, because it expresses the rule clearly and tersely. This is his statement: "Upon judges, as such, no functions can be imposed except those of a judicial nature." Principles of Const. Law, 53. The authorities upon this point are many and harmonious. *Hayburn's Case*, 2 Dall. 409, n.; *United States* v. *Ferreira*, 13 How. 40, n.; *Auditor* v. *Atchison, etc., R. R. Co.*, 6 Kan. 500; *Supervisors of Election*, 114 Mass. 247; *Rees* v. *City of Watertown*, 19 Wall. 107; *Heine* v. *Levee Commrs.*, 19 Wall. 655; *Smith* v. *Strother*, 68 Cal. 194; *Burgoyne* v. *Supervisors*, 5 Cal. 9; *People* v. *Town of Nevada*, 6 Cal. 143; *Hardenburgh* v. *Kidd*, 10 Cal. 402; *McLean County Precinct* v. *Deposit Bank*, 81 Ky. 254; *State* v. *Young*, 29 Minn. 474; *Shepherd* v. *City of Wheeling*, 4 S. E. Rep. 635.

The preparation of the *syllabi* is an essential part of the reporter's work. Head-notes may be copyrighted, but the opinions of the court can not be. The *syllabi*, or head-notes, may be copyrighted because they are the work of the reporter and not of the judges. The work is essentially and intrinsically ministerial, and, therefore, can not be performed by the judges or the court.

The soundness of the rule stated by Judge Cooley is beyond controversy, and it is hardly necessary to go further, since it is conclusive here, but the provisions of our Constitution are so clear and decisive that we can not forbear referring to them. These provisions are found in article 7, and read thus:

" Section 5. The Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case and the decision of the court thereon.

" Section 6. The General Assembly shall provide, by law, for the speedy publication of the decisions of the Supreme Court made under this Constitution ; but no judge shall be allowed to report such decisions."

These provisions, when read in connection with section 1 of article 3, distributing the powers of government, and section 1 of article 7, lodging the whole judicial power of the State in the courts, make it perfectly clear that the Legislature can not impose any of the duties of the reporter upon the judges of the Supreme Court. Section 5 defines the duties of the court, and to these duties the Legislature can make no additions. The last clause of section 6 is a positive prohibition, and no judge can, without an open defiance of the Constitution he has sworn to support, take upon himself the duties of the reporter.

The principle which controls here has been asserted and applied by this court. By force of this principle the act of 1875, concerning the office of reporter, was overthrown. Judge Buskirk, in speaking of the decision, says it was the unanimous judgment of the court. Buskirk Practice, 12. That learned judge discusses the question at length and very clearly proves that the Legislature has no power to require the judges to exercise any of the functions of the office of reporter. There are many decisions asserting and enforcing the general principle involved here. It is, indeed, everywhere agreed that constitutional courts are not subject to the will of the Legislature, for, as said in *Wright* v. *Defrees*, 8 Ind. 298, " The powers of the three departments are not merely equal,— they are exclusive, in respect to the duties assigned to each. They are absolutely independent of each other." In the case of *Houston* v. *Williams*, 13 Cal. 24, the court, speaking by FIELD, J. (now one of the justices of the Supreme Court of

the United States), said : " The truth is, no such power can exist in the legislative department, or be sanctioned by any court which has the least respect for its own dignity .and independence.   In its own sphere of duties, this court can not be trammelled by any legislative restrictions.   Its constitutional duty is discharged by the rendition of decisions." The Supreme Court of Arkansas, discussing the general subject, cites with . approval the case of *Houston* v. *Williams,* *supra,* and says, of the constitutional right of the court, that :  " The legislative department is incompetent to touch it."   *Vaughan* v. *Harp,* 49 Ark. 160.   In a recent decision of our own it was said :   " It is true that the judiciary is an independent department of the government, exclusively invested by the Constitution with one element of sovereignty, and that this court receives its essential and inherent powers,. rights and jurisdiction from the Constitution and not from the Legislature."  *Smythe* v. *Boswell,* 117 Ind. 365.   Of the many other cases sustaining this doctrine, we cite *Little* v. *State,* 90 Ind. 338 (46 Am. Rep. 224), and authorities cited; *Sanders* v. *State,* 85 Ind. 318 ; *Shoultz* v. *McPheeters,* 79 Ind. 373 ; *Nealis* v. *Dicks,* 72 Ind. 374 ; *Greenough* v. *Greenough,* 11 Pa. St. 489 ; *Chandler* v. *Nash,* 5 Mich.  410 ; *Hawkins* v. *Governor,* 1 Ark. 570 ; *In re Janitor of Supreme Court,* 35 Wis. 410 ; *Speight* v. *People,* 87 Ill. 595 ; *Ex Parte Randolph,* 2 Brock. 447.

It is our judgment that the petition brings before us these three questions :   (1st)  Can the Legislature impose ministerial duties upon the court ?   (2d)  Can the Legislature add duties to those devolved upon the judges by the Constitution ? (3d)  Can the Legislature, in violation of the constitutional inhibition, authorize the judges to discharge the essential duties of a reporter ?   Upon these questions we express our judgment and sustain the petitioner's contention, but we neither express nor intimate an opinion upon any others, although others are discussed.

We have no doubt that it is our right and our duty to

give judgment upon the questions we have stated, because they directly concern the rights, powers and functions of the court, and no other tribunal can determine for us what our rights, duties and functions are under the Constitution.

Filed March 15, 1889.