## STATE OF INDIANA *v.* CLEMENTS.

[No. 27,228.  Filed October 10, 1939.]

*Omer S. Jackson,* Attorney General, *Glen L. Steckley,* Deputy Attorney General, *Arthur T. Scheer,* Prosecuting Attorney, and *James E. Keating,* Deputy Prosecuting Attorney, for the State.

TREMAIN, J.—The appellee, a constable, was prosecuted by affidavit for the violation of chapter 94, Acts 1939, p. 503, being secs. 9-701a and 9-701b Burns' Ind. St. 1933 (Pocket Supp.), §§11199-1, 11199-2 Baldwin's Supp. 1939. The title of this chapter is: "An act limiting the authority of constables to make arrests in certain cases, and providing penalties thereof, repealing all laws in conflict therewith, and declaring an emergency." The act provides that "no constable shall have authority as such constable to make an arrest and detain any person or persons for any violation of any law or laws concerning motor vehicles, except when serving a warrant duly issued by a justice of the peace upon a complaint duly filed with a justice of the peace." It provides a penalty for its violation, and repeals all laws in conflict therewith.

The affidavit followed the wording of the statute and alleged that the appellee, a constable operating from a justice of the peace court in St. Joseph County, unlawfully arrested one Davis for the violation of a motor vehicle law by driving a motor vehicle without lights in the night time; and that, at the time of arrest, the appellee had no warrant issued by any justice of the peace of the county.

To this affidavit the appellee filed a motion to quash upon the ground that it contained no allegations or facts constituting a crime under the laws of the state, and showed upon its face that the defendant made the arrest as a peace officer for the violation of a crime being committed in his presence. The motion to quash further charged that the act violated certain sections of the Constitution. The court sustained the motion and discharged the appellee, from which ruling the state has appealed. At the time the trial court sustained said motion, the judge filed a written opinion, copied in full in appellee's brief as his argument. The ruling

is based solely upon the ground that the statute conflicts with section 22, Article 4, of the State Constitution, as follows:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

"(1) Regulating the jurisdiction and duties of Justices of the Peace and of Constables; . . ."

Appellee says in his brief that the affidavit would be sufficient if the act were constitutional. He admits that the statute is general but bases his defense upon the ground that it is a special statute, for the reason that it does not apply alike to all citizens of the state, but limits the authority of a constable only to arrest drivers of motor vehicles violating the law in his presence, unless the constable has, at the time, a warrant issued by a justice of the peace upon a complaint filed.

A constable is not a constitutional officer. He is an administrative officer created by the Legislature to serve processes issued by a justice of the peace and to perform certain other duties prescribed by statute. Section 49-3403 Burns' Ind. St. 1933, §16119 Baldwin's 1934, provides:

"It shall be the duty of a constable: . . .
"Fifth. To act as conservator of the peace, and apprehend, and take forthwith before the nearest justice, all who violate the law in his presence, and there charge them with such violation on oath."

Chapter 94, *supra,* is an independent act and does not purport to amend any act of the Legislature. It repeals all laws in conflict therewith. The act has the effect and does add a proviso to the fifth clause of section 49-3403 (§16119 Baldwin's) *supra,* by providing that the constable cannot arrest anyone for the violation of the law concerning motor vehicles, except when he is armed with a warrant issued

by a justice of the peace. The act is a limitation upon his authority in that respect. Since he is an officer of limited jurisdiction and derives all of his power and authority from the Legislature, it necessarily follows that it may withdraw from him such authority as it may desire.

The appellee asserts that the statute operates upon him arbitrarily, separating him from others upon whom it would operate except for such arbitrary separation. He points out that at common law as well as by the former statute, sec. 49-3403 (§16119 Baldwin's), *supra,* he possessed the power and authority to arrest all violators of the law in his presence. He grants to the Legislature the right to deprive him of power to arrest without a warrant by the enactment of a general statute, but, by reason of the fact that the act limits his right to arrest to violations of the law concerning motor vehicles except when armed with a warrant, it thereby creates a special and unconstitutional classification.

It is a settled principle of constitutional construction that courts have inherent authority to determine whether or not statutes enacted by the Legislature transcend the limits imposed by the Constitution. In exercising this authority courts must approach a constitutional question with caution, and in all instances where the court exercises the power to invalidate, the conflict of the statute with the Constitution must be irreconcilable. That construction will be adopted which will support the act rather than one which will destroy it. "To doubt the constitutionality of a law, is to resolve in favor of its validity." *Henderson, Auditor* v. *State ex rel. Stout* (1894), 137 Ind. 552, 556, 36 N. E. 257. It is the duty of the court to adopt a construction which will uphold and bring it in harmony with the Constitution, if its language is possible,

and never to question the wisdom or the motive which led to its enactment. *Ehle, Trustee* v. *State ex rel. Wissler* (1922), 191 Ind. 502, 133 N. E. 748; *Carr* v. *State* (1911), 175 Ind. 241, 93 N. E. 1071; *Henderson, Auditor* v. *State ex rel. Stout, supra; Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N. E. 372; *State* v. *Clason* (1938), 213 Ind. 461, 465, 12 N. E. (2d) 750, 13 N. E. (2d) 307; *State* v. *Brown* (1937), 213 Ind. 118, 11 N. E. (2d) 679; *Blue* v. *State ex rel. Brown* (1934), 206 Ind. 98, 188 N. E. 583; *Richmond Baking Co.* v. *Dept. of Treasury* (1939), ante 110, 18 N. E. (2d) 778.

These rules of construction are recognized universally. The Supreme Court of the State of Michigan held that in jurisdictions where the trial court may consider the constitutionality of a statute, unless the statute is manifestly unconstitutional it should be sustained, particularly where the same question might arise in other counties of the state, and in order that a final and uniform decision may be had on appeal. *In re Auditor General* (1936), 275 Mich. 462, 266 N. W. 464, 107 A. L. R. 279. This rule recognizes the caution to be exercised, especially by a *nisi prius* court in declaring a legislative act invalid.

In the instant case the Legislature provided that no constable shall have authority to make the arrests therein described, except when serving a warrant issued by a justice of the peace. This enactment is general, not local or special. It applies alike to all constables throughout the State of Indiana. *Kelly* v. *Finney* (1935), 207 Ind. 557, 194 N. E. 157; *Vehling* v. *State* (1936), 210 Ind. 17, 196 N. E. 107; *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N. E. 841; *Groves* v. *Board of Commissioners, Lake County* (1936), 209 Ind. 371, 199 N. E. 137.

This is not a statute creating an unfair classification simply because some power has been taken from the

constable which may be exercised by sheriffs, highway policemen, or other peace officers. Doubtless, the Legislature possessed facts convincing it that constables should not do the act prohibited. It may have been known to the members of the Legislature, as suggested in the appellee's brief, that constables were maintaining "speed traps" in certain sections of the state and arresting drivers of motor vehicles without cause, and thereby causing the citizens embarrassment, delay, inconvenience, and expense wholly without legitimate excuse. In any event, this court will presume that the Legislature possessed sufficient reasons for the enactment of the statute. There is no constitutional reason to hold the act to amount to a special classification in violation of section 22, Article 4, *supra*. *Wayne Township* v. *Brown, supra; Groves* v. *Board of Commissioners, Lake County, supra; Kelly* v. *Finney, supra; Richmond Baking Co.* v. *Dept. of Treasury, supra; Lutz, Att'y-Gen., et al.* v. *Arnold, Atty. & Tr. et al.* (1935), 208 Ind. 480, 193 N. E. 840, 196 N. E. 702.

The act specifically provides what a constable shall not do under the conditions specified. In doing this the General Assembly exercised an authority granted to it by the Constitution. It could have legally and constitutionally shorn appellee of all authority, or taken from him any other power granted by former legislation.

The act is constitutional, and the affidavit is sufficient. The judgment of the lower court is reversed, with direction to overrule the motion to quash the affidavit, and require the appellee to plead.