PROGRESSIVE IMPROVEMENT ASSOC. *v.* CATCH ALL CORP. ET AL.

[No. 269S27. Filed May 19, 1970.]

122

*Harry T. Ice, George B. Gavit, Ice Miller Donadio & Ryan,* of Indianapolis, and *Morris B. Blumberg, McCormick & Blumberg, of Terre Haute,* for appellant.

*Berry, Kincade & Miller, Hansford C. Mann,* and *Mann, Mann, Chaney, Johnson & Hicks,* of counsel, all of Terre Haute, for appellees.

DEBRULER, J.—The appellant is an improvement association organized and existing pursuant to the provisions of the Acts 1965, ch. 366, being Burns Ind. Stat. Ann §§ 48-8901 to 48-8918, entitled "AN ACT concerning certain public improvements in certain cities." This Act provides that an improvement association or owners of 10% of the parcels of real estate in a proposed improvement district in a certain area in a city may petition the circuit court to establish an improvement district for the purpose of providing public finances for the construction of such structures as off-street parking garages and pedestrian malls.

Appellant filed its petition in the trial court pursuant to the above statute for establishment of an improvement dis-

trict. The appellees are landowners within the proposed district. Appellees filed objections in the trial court to the formation of the district, alleging that the said "Public Improvements Association Act" was unconstitutional on several grounds. The trial court adjudged the said Act in its entirety to be unconstitutional as violative of Art. 3, § 1, and Art. 4, § 19, of the Constitution of Indiana, and the due process clause of the Fourteenth Amendment of the Constitution of the United States. We affirm the judgment of the trial court on the ground that the statute violates Art. 3, § 1, of the Indiana Constitution, which reads as follows:

> "Three departments.—The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

As is customary in this type of case, we recognize that this statute comes before us cloaked with a presumption of validity and that we must bring it in harmony with the Constitution, if the language in it permits. If it is capable of any constitutional interpretation, it is constitutional. *Horlock* v. *Oglesby* (1967), 249 Ind. 251, 231 N. E. 2d 810; *State* v. *Clements* (1939), 215 Ind. 666, 22 N. E. 2d 819; *Carr* v. *State* (1910), 175 Ind. 241, 93 N. E. 1071; *Clare* v. *State* (1879), 68 Ind. 17.

An improvement district may be established only by a judgment of a trial court following the filing of a petition therefor with due notice of hearing thereon to the city and to all owners of real estate in the proposed district, and a full hearing on the petition. Burns §§ 48-8905, 48-8906 and 48-8907. The statute provides for an appeal of the judgment to this Court. Burns § 48-8909. Following these sections of the statute it provides as follows:

> "A copy of any order establishing an improvement district, signed by the judge and certified by the clerk, shall be sent to the Board of public works. . . .

"Upon receipt of an order establishing an improvement district, *plans, specifications and estimates of the costs* of the proposed improvement, if any, prepared by the association or the petitioners *shall be submitted to the board of public works for review and approval.* If plans and specifications have not been prepared by the associations or petitioners, then the board of public works shall, promptly following receipt of the order establishing the improvement district, cause plans, specifications and estimates of costs of the proposed improvement to be prepared. . . ." (Emphasis added.) Burns § 48-8909.

The trial court, in the case on appeal, in dismissing the appellant's petition, determined that the above provision requiring the board of public works to "review and approve" plans, specifications and estimates of cost rendered the entire statute unconstitutional as violative of the doctrine of separation of powers. Appellant contends that the provision violates neither constitutional provision.

Appellant first argues that the above provision is merely intended to ensure that particular projects will not conflict with local plans and policies, and it should not be interpreted as empowering the board to alter or negate any judicial determination. Appellant directs us to no provision of the statute from which it can be concluded that the Legislature intended the role of the board to be so limited nor cites legal authority in support of this interpretation.

We agree with the findings of the trial court that the provision empowering the board to "review and approve" the plans, specifications and estimates of costs of the proposed improvement is actually the power to alter the basis of the trial court findings and thus to nullify and emasculate the trial court judgment establishing the improvement district. The trial court characterized this provision as providing a "hollow judicial review".

The issues before the trial court at the hearing on the petition for establishment of the district include among others:

"Third: Whether the proposed improvement is of public utility and benefit.

"Fourth: Whether all the probable benefits of the public improvement is equal to or exceeds the estimated costs thereof.

"Fifth: Whether the improvement district contains all, or more or less than all, of the property specially benefited or damaged by the proposed improvement." Burns § 48-8907.

The trial court must make special findings of fact on each of the above issues in the affirmative before he may enter a judgment creating an improvement district. Burns § 48-8907. Special findings of fact on the above issues could only be made upon evidence presented at the hearing, of such matters as the proposed location, nature and extent of the proposed improvement, including reasonably specific plans and estimates of costs of such improvement. Without such facts before it, no findings of fact on the above issues would be possible. Thus, in this manner, plans, specifications and estimates of cost of the proposed improvement in some form, must be the heart of the evidence at the hearing, and become the basis for the trial court's findings and judgment. No other interpretation of the function of the trial court and the content of the hearing is permissible even though the excerpt from Burns § 48-8909 quoted above contemplates that no plan or specification for the proposed improvement district need exist until after the trial court has rendered its decision. Even after affirmative findings of fact on the statutorily required issues by the trial court, and rendition of judgment, and an appeal to this Court, the board may still alter existing plans, specifications and estimates of cost of the proposed improvement, or cause plans, specifications and estimates of cost to be prepared (Burns § 48-8909) which are not required by the statute to conform to the description of the improvement given at the hearing before the court. A real danger would be created that the judgment would be rendered absurd because it would become unrelated to the improvement as it emerges in final form.

The judicial sanction, once granted, would continue to bolster the improvement in its new and final form, but the court would be cut off from further control over the proceedings at which the plans, specifications and estimates of cost became finalized. Such interference impairs the control of the courts over their own judgments and deprives those judgments of their conclusiveness. *State ex rel. Hovey* v. *Noble* (1888), 118 Ind. 350, 21 N. E. 244. This the Legislature cannot constitutionally do either directly or indirectly. *Thorpe* v. *King* (1967), 248 Ind. 283, 227 N. E. 2d 169; *Book* v. *State Office Bldg. Comm.* (1957), 238 Ind. 120, 149 N. E. 2d 273; *In re Petition for Appointment of Magistrates of Beech Grove* (1940), 216 Ind. 417, 24 N. E. 2d 773; *Ex Parte Griffiths* (1888), 118 Ind. 83, 20 N. E. 513.

Appellant next urges that if the statute is constitutionally defective because of the failure of the statute to provide for adequate judicial review, this Court need only provide for a broader right to judicial review. In disposing of this contention we need only point out that the invalidity of this statute stems from the requirement of the statute that the final judgment of the trial court be subject to alteration at the discretion of the board of public works and not from the failure of the statute to provide a form of judicial review of the exercise by the board of its power to "review and approve" the findings and judgment of the trial court.

Lastly, appellant argues that the Improvement District Act embodies procedures which have been used in this State for many years and which have inevitably been given judicial sanction by this Court.

Appellant cites the Flood Control District Act, Acts of 1939, ch. 23, being Burns Ind. Stat. Ann. § 48-4929, *et seq.;* the Conservancy District Act, Acts 1957, ch. 308, being Burns Ind. Stat. Ann. § 27-1501 through § 27-1534; the Levy Construction Act, Acts 1907, ch. 223, being Burns Ind. Stat. Ann.

§ 27-801 through § 27-829; the Drainage Act, Acts 1933, ch. 264, being Burns Ind. Stat. Ann. § 27-104.

These statutes do not support appellant's position because in none of them is the trial court determination subject to alteration and review by an administrative agency or board. In all of them the trial court retains continuing and ultimate control over the board actions.

We note that neither party has raised the issue of separability. It is clear to us that this statute cannot be constitutionally reformed by deleting that proviso which assigns the "review and approval" function to the board after final court judgment. The two main events in the proceedings are the court hearing on establishment and the board's formation of final plans. The statutory scheme cannot function without the finalization of plans at some point.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, Givan, Jackson, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 403.