DONALD D. VAN HORN *v.* CITY OF TERRE HAUTE.

[No. 1-1075A175. Filed May 11, 1976.]

*Norman L. Lowery, Rosenfeld, Wolfe, Frey & Lowery,* of Terre Haute, for appellant.

*B. Michael McCormick, James Smock,* Legal Department, City of Terre Haute, for appellee.

LOWDERMILK, J.—Plaintiff-appellant Donald D. Van Horn (Van Horn) brought this action in the trial court alleging that twenty-some errors were committed at his dismissal hearing before the Board of Public Works and Safety of Terre Haute. As a result of that hearing, the Board determined that Van Horn should be dismissed from the Fire Department of the City of Terre Haute. From the trial court's summary denial of his appeal, Van Horn brings a further appeal to this court, alleging, *inter alia,* that the trial court failed to hold the required trial *de novo* on the issues raised by Van Horn's complaint, and that the trial court failed to make

findings of fact and conclusions of law as it was required to do by Indiana Rules of Procedure, Trial Rule 52(A).

This court has just recently spoken of the trial *de novo* referred to in IC 1971, 18-1-11-3 (Burns Code Ed.). In *City of Gary* v. *Gause* (1974), 162 Ind. App. 97, 317 N.E. 2d 887, Judge Hoffman of this court stated:

> "Determination of the present issue hinges initially upon the proper scope of review to be employed by the trial court and the Court of Appeals. IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns Supp. 1974), provides that an appeal from an order dismissing a policeman shall be heard by the trial court *de novo*. However, it has been held that this is not literally true. Our Supreme Court in *City of Mishawaka* v. *Stewart* (1974), [261] Ind. [670], 310 N.E. 2d 65, at 68-69, stated that:
>
> " 'This has been held to mean, not that the issues at the hearing before the board are heard and determined anew, but rather that new issues are formed and determined.
>
> " ' "* * * a review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principle. * * *" *State ex rel. Public Service Commission* v. *Boone Circuit Court, etc.* (1956), 236 Ind. 202, 211, 138 N.E.2d 4, 8.
>
> " 'Insofar as the findings of fact by an administrative board are concerned, the reviewing court is bound by them, if they are supported by the evidence. It may not substitute its judgment for that of the board. *Kinzel* v. *Rettinger* (1972), [151] Ind. App. [119], 277 N.E.2d 913.' "

Here, Van Horn's complaint amounted to a formulation of twenty "new" issues that had not been previously determined in any court. Van Horn was, and still is, bound by the factual findings of the Board.[1] His complaint, however, presents *new* issues, some of which require

---

1. We express no opinion as to the adequacy of those findings to support the Board's conclusions, inasmuch as the trial court has not yet specifically ruled on the matter.

factual findings, and as such, Van Horn was entitled to a trial on those new issues, assuming material facts are indeed in controversy.

The City argues that the transcript of the board hearing was sufficient in itself for the trial court to properly find against Van Horn on his twenty issues. Were the trial court acting under the statute as a purely appellate court, that would be true. The statute, however, provides that an appeal from the board's ruling is to be heard by the trial court *de novo*. As Judge Hoffman explained in *Gause, supra,* this does not mean that *all* issues are tried *de novo,* but it does mean that the *new* issues raised by Van Horn's complaint are to be tried *de novo*. Only where the material facts are undisputed may the trial court dispense with the fact-finding "hearing."

In the case at bar, an examination of the record shows only that a complaint was filed, that the defendant answered and filed a transcript of the evidence received at the Board hearing, that said transcript was not a complete and full transcript, that the trial court held a hearing to consider Van Horn's appeal, and that the trial court, having studied the transcript as filed, found against Van Horn and for the City. There is no finding as to the factual questions raised by Van Horn's complaint, and there are no conclusions of law set out as is required by TR. 52(A).

TR. 52(A) specifically requires that findings of fact and conclusions of law be set out in an appeal from an administrative agency:

"(A) Effect. In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39[D]) shall find the facts specially and

state its conclusions thereon. *The court shall make special findings of fact without request*

(1) in granting or refusing preliminary injunctions;

(2) *in any review of actions by an administrative agency;* and

(3) in any other case provided by these rules or by statute.

            \*   \*   \*" (Our emphasis.)

Once the action is properly brought before the trial court according to the mandates of the jurisdictional statute, the Trial Rules govern all procedural issues. TR. 1; *City of Mishawaka* v. *Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65; *Indiana State Personnel Bd.* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448. In *Stewart,* the court held that an inconsistent provision of § 18-1-11-3 was superseded by the new rules.

The City argues that § 18-1-11-3 waives any requirement for special findings of fact and conclusions of law where the trial court is able to affirm the Board's holding *in toto.* Based on the holding of *City of Mishawaka* v. *Stewart, supra,* we cannot agree. Section 18-1-11-3, as written, provides that there shall be no appeal from the decision of the trial court. However, the Supreme Court has specifically held that an appeal to the Supreme or Appeals Court is permissible. *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N.E.2d 501; *City of Mishawaka* v. *Stewart, supra.* Inasmuch as we view the provisions of TR. 52(A) as a necessary element of our ability to properly review the trial court's decision, we likewise hold that TR. 52(A) supersedes the inconsistent provisions of § 18-1-11-3. *City of Mishawaka* v. *Stewart, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 346 N.E.2d 628.